MARK MORGAN AND ELLEN MORGAN, EXECUTORS OF THE ESTATE OF ELIZABETH I. HUSSEY, DECEASED, PROSECUTORS, v. BOARD OF TRUSTEES OF THE TEACHERS' PENSION AND ANNUITY FUND, RESPONDENT.

Argued May 3, 1938—Decided August 16, 1938.

Before Justices CASE, DONGES and PORTER.

For the prosecutors, *Frank I. Casey.*

For the respondent, *Lindabury, Depue & Faulks* (*Walter F. Waldau,* of counsel).

The opinion of the court was delivered by

PORTER, J. The action of the State Board of Education in refusing to retire Elizabeth I. Hussey, the prosecutors' decedent, upon her application for retirement, under the statute, is before us·on writ of *certiorari* for review.

On August 31st, 1936, Miss Hussey resigned her position as a school teacher in the city of Bayonne. She had taught for more than thirty-five years in the public schools of this state. She was a member of the New Jersey teachers' pension and annuity fund and had been since September 1st, 1920. On September 19th, 1936, she applied to the respondent in writing, for retirement "at once." Miss Hussey died on September 26th, 1936. The respondent on October 9th, 1936, at its next meeting after its receipt of the application on September 19th, 1936, acted upon the application and "ruled not to grant retirement to Miss Hussey, she having died within thirty (30) days of the filing of her application."

Under authority of the statute, chapter 80, *Pamph. L.* 1919, and amendments thereto creating it, the respondent made certain rules and regulations. It provided that members upon retirement might accept one of four different options of payments. One of its rules provided as follows: "If Option I is requested, the retirement does not become effective earlier than thirty days from the time Option I request is received in the Pension Fund Office." If that option is exercised, a lump sum of money is paid the member rather than an annuity. The purpose of the rule is to minimize "death bed" applications from being effective. If the retirement applied for in the instant case were approved, the sum of $21,844.53 would be due and payable to the executors; if not, they would be entitled to the return of contributions made to the fund amounting to the sum of $3,572.81.

It appears that the prosecutors appealed from the decision of the respondent to the commissioner of education who reversed the decision, holding that the respondent's rule that an applicant for retirement as to Option I could not be effective within thirty days was illegal, not having the sanction of the statute.

The respondent thereupon appealed that decision to the State Board of Education which reversed the ruling of the commissioner of education on December 11th, 1937, and affirmed the ruling originally made on the application by the respondent.

The pertinent question presented is whether a member of this fund becomes retired automatically upon the filing of a retirement application or whether retirement is only effective after action by the respondent within the time limited by the statute. A reading of the statute, subsection 1, section 251 of *Pamph. L.* 1928, chapter 57, clearly shows that the act of retirement was not by virtue of the application, but by the action of the respondent. This language is used: "The board of trustees shall retire said member at the time specified or at such other time within thirty days after the date so specified as the board of trustees may find advisable."

The applicant in the case at bar having died within a few days after the application was filed and before the same was acted upon by the respondent, the retirement within the meaning of the statute never occurred. The prosecutors are not therefore entitled to the sum which would have been due had retirement under Option I become effective.

Prosecutors rely on the case of *O'Brien* v. *New York State Teachers' Retirement Board,* 213 *N. Y. Supp.* 738; *affirmed,* 244 *N. Y.* 530. That case is not analogous because the language of the New York statute is quite different from ours, in that our statute, as herein pointed out, provides that the retirement must be by action of our board, whereas the New York statute makes all approved claims effective thirty days after the filing of the application and makes mandatory the retirement by the board of all applicants who are disabled.

The writ will be dismissed, with costs.