33 N.J. Super. 526 (1955)
111 A.2d 86
CLARE WADE GORDON, CLAIMANT-APPELLANT,
v.
STATE EMPLOYEES' RETIREMENT SYSTEM OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 13, 1954.
Decided January 5, 1955.
*527 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Oscar R. Wilensky argued the cause for claimant-appellant.
Mr. Charles S. Joelson argued the cause for defendant-respondent (Mr. Grover C. Richman, Jr., Attorney-General of New Jersey).
*528 The opinion of the court was delivered by CLAPP, S.J.A.D.
Appeal is taken by Mrs. Clare Wade Gordon from a determination of the Board of Trustees of the State Employees' Retirement System, denying her claim to certain benefits provided for by N.J.S.A. 43:14-38 (now 43:15A-50), Option 1. She is the widow of a member of the system, who, electing to take advantage of that option, nominated her as his beneficiary. But the board held that under a clause of the very statute cited, the election was nullified by his death "within thirty days after retirement." He died October 30, 1953 at 9:42 P.M. There is no question but that the case is governed by the clause just quoted; the basic question before us is when did his retirement occur.
Mr. Gordon had written to the board in June 1953 that he was "considering asking" for retirement on his 70th birthday, September 19, 1953. The board replied by letter that he "must" file a form, allegedly sent with the letter, containing these printed statements:
"* * * the undersigned does hereby make application for retirement * * * I request that my retirement allowance become effective the first day of ____ * * * I have attained age 60."
Mr. Gordon signed and filed the form, inserting in the blank "October 1953."
By motion adopted at its meeting of October 20, 1953 the board fixed October 1, 1953 as the "eff[ective] date" of Mr. Gordon's retirement. Under Option 1, Mrs. Gordon would have received $11,765.08; his death, if it came within the 30-day period, limited her rights to his accumulated contributions of $2,025.66.
Mrs. Gordon's first contention is that her husband was automatically retired by N.J.S.A. 43:14-35(b) on September 19, 1953 when he became 70. But this is not so. The statute, now 43:15A-47, provides:
"A member who shall have reached 70 years of age shall be retired by the board for service forthwith, or at such time within 90 days thereafter as it deems advisable * * *."
*529 The statute is peremptory, but not automatic; the italicized words make it plain that action on the part of the board is requisite for the effectuation of the retirement. Cf. Morgan v. Board of Trustees, Teachers', etc., Fund, 120 N.J.L. 567 (Sup. Ct. 1938), affirmed 122 N.J.L. 382 (E. & A. 1939); Katz v. New York City Teachers' Retirement Board, 291 N.Y. 360, 52 N.E.2d 902, 904 (Ct. App. 1943).
The printed form, which the board required Mr. Gordon to fill out, is in certain respects inappropriate in the case of an employee of the age of 70 (except perhaps one who, after being continued in service, N.J.S.A. 43:14-35(b), beyond that age by his department head, wishes to cut short the continuation). The statute does not give to an employee 70 years of age, the right either to retire or not to, as he wishes, or to fix the time of his retirement.
But, though the form was, in a measure, inappropriate and though erroneously the board may have supposed, indeed seems to have supposed, that N.J.S.A. 43:14-35(a) controlled the case, the very act of the board is inescapable. For the board under N.J.S.A. 43:14-35(b) had the power to defer Mr. Gordon's retirement after age 70 for a period of 90 days; and  by motion expressly taking cognizance of the fact that his age was 70  it did fix the effective date of his retirement at October 1, 1953.
The board seems to suggest that its usual practice, established doubtless for its administrative convenience, is to retire a member of the system on the first day of a month. Such a practice is quite as applicable to section (b) of N.J.S.A. 43:14-35 as to section (a). But whether or not this is the practice, we find no merit in the contention that the action on the part of the board which (in the manner stated) led Mr. Gordon to select the date of October 1, was such as to estop it from asserting that this was the day when his retirement became effective. Further see City of Bayonne v. Murphy & Perrett Co., 7 N.J. 298, 311 (1951); State v. Erie Railroad Co., 23 N.J. Misc. 203, 214 (Sup. Ct. 1945).
Mrs. Gordon's final argument is that the first instant of retirement came September 30, or September 29, 1953, *530 allegedly Mr. Gordon's last working day, at 4:30 P.M. and hence that his death occurred 30 days and 5 hours thereafter. We have no occasion here to construe the phrase "within thirty days after retirement," McCullouch v. Hopper, 47 N.J.L. 189, 191 (Sup. Ct. 1885), State v. Rhodes, 11 N.J. 515, 524 (1953), or to consider what circumstances will generally induce the law so to interpret statutory terms as to take cognizance of a fraction of a day.
The simple answer to the argument is that retirement did not take place until October 1. N.J.S.A. 43:14-35(b) invests the board with authority over the matter of retirement in this case, and it by its own fiat  the motion made October 20, 1953  fixed the first instant of retirement on October 1, 1953. That disposes of the point.
The board's decision must be affirmed.