MATTIE DeNIKE, PLAINTIFF-RESPONDENT, v. BOARD OF TRUSTEES OF THE PUBLIC [STATE] EMPLOYEES' RETIREMENT SYSTEM OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued February 7, 1961—Decided April 10, 1961.

*Mr. Theodore I. Botter,* Assistant Attorney General, argued the cause for defendant-appellant (*Mr. David D. Furman,* Attorney General of New Jersey, attorney).

*Mr. Franklin W. Kielb* argued the cause for plaintiff-respondent.

The opinion of the court was delivered by

HANEMAN, J. We granted certification to review the Appellate Division. 33 *N. J.* 389 (1960).

Subject to the qualifying comments which here follow, the judgment is affirmed for the reasons expressed in the comprehensive opinion of the Appellate Division, *DeNike v. Board of Trustees, etc., Retirement System,* 62 *N. J. Super.* 280 (*App. Div.* 1960). These comments are restricted to the procedural aspect of the Appellate Division opinion and concern the timeliness of the filing of plaintiff's action.

For the purpose of what follows it is necessary to repeat only these facts: Plaintiff's husband, who died on April 4, 1955, filed a duly attested application for retirement with the Board of Trustees of the State Employees' Retirement System of New Jersey (Board) on January 20, 1955, requesting retirement on March 1, 1955 and electing to retire under Option 1 of *N. J. S. A.* 43:15A–50. On or about March 8, 1955 he attended at the office of the Board in Trenton and executed a second request for retirement on March 1, 1955 and therein purportedly elected the maximum benefits as provided under *N. J. S. A.* 43:15A–50. The Board met on March 15, 1955 and officially approved plaintiff's application for retirement as of the date requested, *i. e.,* March 1, 1955. Some time after April 4, 1955 plaintiff was advised, in some fashion which does not appear in the appendix, of the funds to which she was entitled: On April 15, 1955 plaintiff requested an opportunity to be heard concerning her husband's selection of pension benefits. She appeared before three members of the Board with a neighbor, Mrs. Cleary, on May 17, 1955 and sought to obtain the benefits of Option 1. Under date of July 18, 1955 the secretary of the Board addressed a letter to plaintiff which read, in part:

"Dear Mrs. DeNike:
At the regular meeting of the Board of Trustees held on Tuesday, July 12, a poll was taken of the members in the matter of their

decision regarding your claim for reversal of the maximum retirement allowance granted to your husband, William E. DeNike based on his selection, under date of March 8. At a ratio of four to one it was agreed that it was *impossible* to accede to your request. * * *

> Very truly yours,
> George M. Borden
> Secretary" (Emphasis supplied)

No further action was taken by plaintiff until some date in July, 1958 when for the first time she retained counsel to represent her. Complaint was filed by this counsel in the Law Division on February 14, 1959 after some correspondence with both the Board and the Deputy Attorney General assigned to represent the Board.

Defendant argues that the action of the Board of Trustees of July 12, 1955 was a final decision of a state administrative agency and hence that a contest by plaintiff of that action should have been by appeal to the Appellate Division, *R. R.* 4:88–8, rather than by a proceeding in lieu of prerogative writs in the Law Division, as here undertaken, *R. R.* 4:88–2. The Board rationalizes that the Law Division was justified in not transferring the cause to the Appellate Division, *R. R.* 1:27D(a) because the time for appeal from that decision had run prior to the filing of the complaint on February 14, 1959. *Central R. R. Co. of New Jersey v. Neeld,* 26 *N. J.* 172, 184 (1958). It computes the time for appeal from the letter of July 18, 1955, which ·it conceives constituted "service of the decision of the agency or of notice of the action taken." *R. R.* 1:3–1(b), which reads:

"(b) 45 days—final judgments of all courts except municipal courts; judgments *nisi* in matrimonial matters; and final state agency decisions or actions, except here the time shall run from the date of the service of the decision of the agency or of notice of the action taken, as the case may be."

We are obliged to determine, therefore, whether the action of July 12, 1955 constituted a final decision of a state administrative agency.

■ A state agency which would claim the 45 day bar and thus obtain repose for its action must speak out with unmistakable finality. See *Lettieri v. State Board of Medical Examiners*, 24 *N. J.* 199 (1957).

Although *Schack v. Trimble*, 28 *N. J.* 40 (1958) was concerned with an in lieu of prerogative writs proceeding contesting the validity of the action of a municipal building inspector, *R. R.* 4:88–2, and the time limitation provided by *R. R.* 4:88–15, what was there said is directly applicable to the situation here concerning the finality of action by a state administrative agency. In *Shack v. Trimble, supra*, the court said, at *p.* 49:

"* * * The import of the *Yannuzzi* [*Yannuzzi v. Mayor and Council of Borough of Spring Lake*, 22 *N. J.* 567] and *Lettieri* exceptions to *R. R.* 4:88–15 is that where informal or *ex parte* determinations are made by administrative officials charged with the performance of ministerial functions, there is not ordinarily a sufficient crystallization of a dispute along firm lines to call forth the policy of repose. See *Moran, 'General Administrative Law,'* 12 *Rutgers L. Rev.* 26, 88–89 (1957)."

And again, at p. 50:

"The governing criterion for the rigid application of the time limits of the rule is not, as was stated by the Appellate Division below, whether the action sounds in *mandamus* or *certiorari*. It is rather a policy consideration that before a litigant's right which turns on a question of law is barred, there ought to be a formal hearing and adjudication on the question with appropriate written conclusions of law and fact. See *Tomko v. Vissers* [21 *N. J.* 226], *supra*. We do not say that a legal right cannot be finally resolved by an administrative determination from which review is not timely sought. The exceptions to R. R. 4:88–15 which are grounded solely on the nature of the question of law involved, relate only to important constitutional law questions. *Holloway v. Pennsauken Twp.* [12 *N. J.* 371]; *McKenna v. New Jersey Highway Authority* [19 *N. J.* 270]; *Oldfield v. Stoeco Homes, Inc.* [26 *N. J.* 246], all *supra*. But before a right to relief which turns on legal questions of lesser importance is barred by the failure to seek in lieu relief, the process by which such right is determined at the administrative level ought to be of such a nature as to fully impress upon the litigant both the finality of the determination and the precise grounds upon which relief was denied. Ordinarily, informal or

*ex parte* determinations of administrative officials charged with the performance of ministerial duties are not of such a nature."

For a state administrative agency to gain repose from an appeal by virtue of the elapse of time from a decision or action it must give the party sought to be bound unmistakable written notice of the finality of the decision or action. This is especially true with an agency, such as here, where the parties sought to be bound are to a large extent without any practical business or legal knowledge. Although not mandatory, considerate dealing by the administrative body suggests that such notice might as well apprise the party sought to be bound that ·he has a right to an administrative appeal or hearing, if such exists, together with the time within which such action must be taken. Further repetition of the other due process essentials of hearing and final conclusion would be redundant in the light of our many prior decisions in that field.

It is to be noted that defendant does not argue that its original action in advising plaintiff of the sum to which she was entitled is to be employed in computing the cut-off date for the timeliness of an appeal. There is no proof of the manner or method of the conveyance of this information and so it is reasonable to presume that it did not rise to the dignity of service of a final decision of the Board. Defendant inferentially concedes that this notification was not a notice of a final decision.

Although *N. J. S. A.* 43:15A–17 empowers the Board to "establish rules and regulations for the administration and transaction of its business," it has not seen fit to provide, by adoption of a rule or regulation, for any administrative hearing on or appeal from any of its determinations. The "hearing" which was accorded plaintiff has been categorized by defendant as an "informal" hearing. The tacit admission of such classification is that what transpired on May 17, 1955 was a conference rather than a hearing—that it was not clothed with finality. This conclusion is strengthened by the letter of July 18, 1955.

If this epistle purported to be a final decision it was deficient in that it contained neither a final finding of fact nor a conclusion of law. It was merely a polite refusal of the Board to change its original stand. Further, the statement in the affidavit of Edna A. Horn, the friend of plaintiff who attempted to assist her in this matter, that the secretary and assistant secretary of the Board advised "that there was no time limitation in presenting this matter; that her [plaintiff's] benefits would not be hurt by lapse of time," stands undenied. Clearly, plaintiff was led to believe that the "informal hearing" was not a final adjudication.

Plaintiff's counsel, who was retained in July 1958, wrote a letter to defendant on October 14, 1958, which was answered under date of October 20, 1958 by the secretary, who advised that the Board "agreed that there were no further facts presented which would permit *justification for an appeal*" (emphasis supplied) from the review of the matter by the "Board of Trustees at their meeting held on June [July] 12, 1955, at which time it was agreed that it was impossible to accede to her request for a reversal from the maximum benefit elected to an allowance under Option 1." Thereafter followed additional correspondence between counsel and the Assistant Attorney General to whom the matter had been referred by defendant. On February 3, 1959 counsel for plaintiff received a letter from the Assistant Attorney General which, for the first time, might have served to impress plaintiff with the finality of the Board's determination. If any action of defendant could be considered the "service of the decision" it was that of February 3, 1959.

The mailing to and receipt by plaintiff of the letter of July 18, 1955, as noted above, was not service of notice of the unmistakable finality of a decision or action of an administrative state agency. It follows that the time limitation should not be computed from that date. Suit was filed on February 14, 1959, within time, as required

by *R. R.* 1:3–1, from the only possible date (February 3, 1959) which could be considered as the commencement of the tolling of the rule.

We hold, therefore, that the Law Division should have transferred this cause to the Appellate Division, *R. R.* 1:27D(a). In any event, appeal from the Law Division having been taken to the Appellate Division without such transfer, that court was empowered to decide the appeal and enter the proper judgment, *R. R.* 1:27D(b).

Judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.