69 N.J. Super. 157 (1961)
174 A.2d 8
IRA S. HOWLAND, PLAINTIFF-APPELLANT,
v.
CITY OF ASBURY PARK, ETC., AND THE CONSOLIDATED POLICE AND FIREMEN'S PENSION FUND COMMISSION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 8, 1961.
Decided September 25, 1961.
*158 Before Judges CONFORD, FREUND and LABRECQUE.
Mr. Charles Frankel argued the cause for plaintiff-appellant.
Mr. Ascenzio R. Albarelli argued the cause for defendant-respondent City of Asbury Park.
Mr. Robert S. Miller, Deputy Attorney General, argued the cause for defendant-respondent The Consolidated Police and Firemen's Pension Fund Commission of the State of New Jersey (Mr. David D. Furman, Attorney General, attorney).
The opinion of the court was delivered by CONFORD, S.J.A.D.
Plaintiff instituted an action in the Superior Court, Law Division, February 8, 1960 against the City of Asbury Park and The Consolidated Police and Firemen's Pension Fund Commission of the State of New Jersey ("Pension Fund Commission," hereinafter) to have declared and enforced his alleged right of pension as a disabled former member of the Asbury Park Fire Department. The action was transferred to the Appellate Division on the theory that plaintiff was actually seeking review of a decision of a state administrative agency, the Pension Fund Commission having conducted a hearing on the claim at plaintiff's request January 22, 1958 and ruled against him. R.R. 1:27D.
In view of the position taken by defendants, the date of the rendition of decision by the Pension Fund Commission *159 becomes important. On June 2, 1958 the Secretary of the Commission mailed plaintiff's then counsel a Decision and Opinion of the Commission containing Findings of Fact and Conclusions. The fact findings were to the effect that plaintiff had been a "full time" member of the City Fire Department from October 16, 1942 to August 6, 1952; that he thereafter "abandoned his employment" because of a claim  rejected by his superiors  that he was able to perform only light duties; and that no medical evidence or testimony had been adduced "to support Mr. Howland's contention of disability." The "Conclusion" of the Pension Fund Commission was that plaintiff was not entitled to pension benefits because he terminated his membership in the Fund by abandoning his employment as a fireman and had failed to establish "inability to perform any duty." On June 11, 1958 plaintiff's counsel wrote the Commission's Secretary, taking issue with the findings stated, particularly as to the alleged failure to submit evidence of disability, and requesting an opportunity to do so at another hearing. The Secretary promptly responded, stating that the "discrepancies" noted by counsel "for the most part appear to be correct." He said he would submit the request to the Commission at its next meeting. The record fails to indicate what transpired thereafter prior to the sending of a letter to the Secretary July 20, 1959 by new counsel (plaintiff's present attorney) repeating the previous request for a rehearing of the matter. The response was a letter of July 27, 1959 referring the attorney to the adverse disposition and letter of notification dated June 2, 1958. After additional correspondence concerning the probative value and effect of the prospective medical testimony, the Secretary wrote counsel October 6, 1959 to the effect that the Commission had instructed him to advise plaintiff that no new hearing would be held "as no new evidences have altered the decision of [t]his body that there is no claim recognizable by this agency in favor of Mr. Howland."
*160 On this appeal the defendants, and particularly the Pension Fund Commission, through the Attorney General, stress that this action is barred by limitations as well as laches. They rely upon R.R. 1:3-1(b), specifying a 45-day period for appealing from state agency decisions or actions. See also R.R. 4:88-15(a), specifying the same period for institution of prerogative writ proceedings, subject to enlargement "where it is manifest that the interests of justice require" (c), and the expression of view in DeNike v. Board of Trustees, etc., Retirement System, 62 N.J. Super. 280, 291 (App. Div. 1960), affirmed 34 N.J. 430 (1961), that the power of enlargement to subserve the interests of justice applies both to appeals taken under R.R. 1:3-1(b) and to prerogative writ review under R.R. 4:88-15(a).
For purposes of decision of this case, we are going to assume that the time for plaintiff to seek review of the determination of the Pension Fund Commission did not begin to run until his counsel received the letter of October 6, 1959, although it is not beyond debate that the Findings of Fact and Conclusions of June 2, 1958 constituted an unmistakably final decision of the state agency, notice of which to plaintiff incepted the running of the period of limitations. Using the date of October 6, 1959, accordingly, the review action brought in the Law Division February 8, 1960 was obviously beyond the 45-day period of limitations, even beyond the 30-day extension of that period which the court could allow nunc pro tunc for good cause under R.R. 1:27B(d).
Plaintiff has no response to the defense of bar of limitations other than a plea that his time be extended under the purported application of R.R. 4:88-15(c). If the present action, although brought in the first instance in the Law Division, is nevertheless to be regarded properly as an appeal from the action of a state administrative agency taken under R.R. 1:3-1(a), we have no power to extend it so as to validate the present appeal, which was filed over *161 four months from notice of the ruling complained of. R.R. 1:27B prohibits the enlargement of time for appeal under R.R. 1:3-1 beyond 30 days from the time permitted by the rule, and then only where good cause is shown. But assuming our expression in DeNike, supra, is applicable here, and that the period may be enlarged further if "it is manifest that the interests of justice so require," we conclude that the interests of justice in this case rather point the other way.
Without pursuing all the details here, the whole course of plaintiff's prosecution of his alleged claim is replete with unwarranted delay, abortive proceedings of various kinds, and failure to follow through on proceedings concluded. Plaintiff's pension rights concededly depend upon his claim that he was incapacitated in the line of duty on December 29, 1947. Production of proofs in defense of that claim would obviously be difficult for the defendant municipality, if at all possible, at this late date. After earlier litigation by the plaintiff against the city before the Workmen's Compensation Bureau and the State Civil Service Commission, plaintiff left the city employ because he was refused "light duty." He thereupon filed an action in the Superior Court in 1952 against the city asking, among other things, for a declaration of his pension rights. On December 2, 1954 the complaint was dismissed on stipulation of counsel, the dismissal of the pension claim being without prejudice, and with reservation of the right to institute a suit against the city and the Pension Fund Commission to establish his pension rights and recover such sums as might be due him. Why the complaint was not amended to bring in the Pension Fund Commission as a party and the claim litigated to a finality in the very action then pending, where already pleaded, rather than dropped on stipulation, is not explained. No new action was thereafter instituted by plaintiff. The next step by plaintiff was a letter of inquiry by plaintiff (rather than by his counsel) to the Administrative Director of the Courts as to the status of the case, dated *162 March 23, 1956. A response to that letter, dated April 6, 1956, gave plaintiff such information as could be gleaned from his attorney and the file, and suggested that plaintiff discuss the matter with his attorney.
Thereafter plaintiff did nothing until September 13, 1957 when, through other counsel, he laid his grievance before the Pension Fund Commission, resulting in a hearing, with the outcome already recounted. Part of the later delay in this matter was a lapse of over a year, from June 16, 1958, when a letter from the Secretary of the Pension Fund Commission to his then counsel sought information as to whether plaintiff wished to adduce additional evidence beyond that submitted at the formal hearing, until July 20, 1959, when new counsel for plaintiff (his third since the 1952 action) wrote the Commission stating that plaintiff had requested him "to examine his file" and prosecute his claim, and requesting a reopening of the case to submit medical testimony.
It is essential that those asserting contested pecuniary claims against public bodies or agencies prosecute them promptly and to a finality so that the public authorities may know reasonably promptly where they stand in a fiscal sense and be guided accordingly in their management of the public business. Borough of Park Ridge v. Salimone, 21 N.J. 28, 46 (1956); Atlantic City v. Civil Service Commission, 3 N.J. Super. 57 (App. Div. 1949); Marjon v. Altman, 120 N.J.L. 16, 18 (Sup. Ct. 1938); Taylor v. Board of Councilmen of City of Bayonne, 57 N.J.L. 376, 378 (Sup. Ct. 1894).
Plaintiff's reliance upon DeNike v. Board of Trustees, etc., Retirement System, supra, is inapposite. It was there held that the time period fixed by the rule had not run, under the facts there presented. The present plaintiff does not dispute that his time for action has run. His sole claim is that he manifestly deserves an extension, in the interests of substantial justice. As we disagree, for the reasons already stated, the appeal must be dismissed.
*163 For the reason stated, we need not consider the city's statutory objection to a pension grounded on plaintiff's having been over 40 years of age when he became a permanent city employee.