83 N.J. Super. 403 (1964)
200 A.2d 325
HARRIET REINERS DEIBERT, PETITIONER-APPELLANT,
v.
BOARD OF TRUSTEES OF TEACHERS' PENSION AND ANNUITY FUND, DIVISION OF PENSIONS, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 6, 1964.
Decided May 1, 1964.
*404 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Frank E. Vittori argued the cause for appellant (Mr. John Henry Reiners, Jr., attorney).
Mr. Richard Newman, Law Assistant, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney; Mr. Vincent E. Hull, Jr., Deputy Attorney General, on the brief).
The opinion of the court was delivered by FREUND, J.A.D.
This is an appeal from a determination of the Board of Trustees, Teachers' Pension and Annuity Fund (Board) that appellant's "early retirement" under N.J.S.A. 18:13-112.39 was effective as of March 1, 1962, rather than September 1, 1961, as contended by appellant.
Appellant was employed by the Camden Board of Education as a teacher from September 1927 through June 1961. She *405 submitted her formal resignation to the board of education in the second week of June 1961, shortly after becoming engaged to be married. The resignation was accepted later that month, to take effect June 30, 1961.
As a result of a conversation with her school principal concerning the retirement benefits to which she was entitled, appellant sent the following letter to the Teachers' Pension and Annuity Fund (Fund), which was received on July 14, 1961:
"Dear Sir: 
I have resigned my Teaching position as of June 30, 1961 

* * * * * * * *
Please review my pension money and advise what in your opinion would be the best to do 
1. Draw out money 
2. If you advise above what would the amount be?
3. Vest money accumulated until age 60
4. If you advise No. 3  what would the monthly pension amount to?
Thank you very much for your review of my pension money  Anxiously awaiting your reply."
By letter dated July 21, 1961 the Chief of the Retirement and Purchases Bureau, Division of Pensions, outlined for appellant the benefits available to her under early retirement and deferred retirement, and informed her of the amount she would receive if she decided to withdraw her accumulated contributions from the Fund. The letter also stated: "In order to have your retirement become effective on a specific date, your application for retirement must be filed at least 30 days prior to that date." Included with the letter was an application for retirement.
Being engaged in making preparations for her marriage on August 23, 1961, and deciding that it would be best to discuss her choice of retirement options with her husband while on their honeymoon, appellant did not file an application following receipt of the afore-mentioned letter. On September 4, 1961, while on her honeymoon, appellant was injured in an automobile accident. She suffered a herniated disc, necessitating hospitalization until October 4, 1961, and requiring the *406 wearing of a back brace even after her release from the hospital. Appellant continued convalescence in her home until December 1961, when she went to Florida on her doctors' advice. In January 1962, while appellant was still in Florida, she signed her application for "early retirement," requesting retirement benefits to be effective as of September 1, 1961. The application, filed for appellant by her brother, was received by the Fund on January 19, 1962.
There are two primary issues to be resolved on this appeal. Both involve and are controlled by N.J.S.A. 18:13-112.39, which reads in part as follows:
"Should a member resign after having completed 25 years of service before reaching service retirement age, he may elect `early retirement,' on which he shall receive, in lieu of the payment provided in [N.J.S.A. 18:13-112.36] a total retirement allowance of * * *." (Emphasis added)
Appellant first contends that "The resignation of a teacher with more than 25 years service, who thereafter gives actual notice thereof to the Teachers' Pension and Annuity Fund, followed by a proper formal election of early retirement benefits, entitled such a resigning member of the [Fund] to an early retirement allowance as of a date prior to the time of formal application but after resignation and notice." It is argued that "the Board should have recognized Petitioner's election to take early retirement benefits following her formal resignation effective June 30, 1961, and the receipt of actual notice thereof by Petitioner's letter of July 14, 1961." But the statute requires more than mere notice of resignation; the member must make an election to receive "early retirement" benefits. Clearly, appellant's letter of July 14, 1961 is a request for information and advice, not a notice of election to receive benefits under N.J.S.A. 18:13-112.39.
Recognizing that her position necessitates approval of a retroactive award, whether her election to receive early retirement benefits be deemed effective as of the date of her formal election, January 19, 1962, or the July 14, 1961 letter, *407 appellant contends that such approval is proper, relying upon DeNike v. Bd. of Trustees, etc., Retirement System, 62 N.J. Super. 280 (App. Div. 1960), affirmed 34 N.J. 430 (1961), and N.J.S.A. 18:13-112.40 and 112.41. Although appellant contends that these authorities are helpful to her cause by way of analogy, it is manifest that the statute dealing with early retirement benefits must be controlling. It is equally plain that N.J.S.A. 18:13-112.39 neither authorizes nor refers to retroactive awards. Rather, the words "he may elect `early retirement,' on which he shall receive * * *," (emphasis ours) seem clearly to indicate that benefits are to be calculated and paid as of the date of election. Nor is there any other language in N.J.S.A. 18:13-112.39 which can reasonably justify the contention that there may be a retroactive allowance of early retirement as of a date prior to an election to take benefits thereunder.
The authorities cited by appellant are insufficient to indicate an implied intention on the part of the Legislature to allow a retroactive award of benefits receivable under the early retirement election. Even if N.J.S.A. 18:13-112.40 ("Death benefit") and N.J.S.A. 18:13-112.41 ("Disability retirement") were to be considered helpful in shedding light on the proper interpretation of the early retirement statute despite their manifestly different subject matters, they do not, as appellant contends, specifically authorize approval of benefits retroactive to a date prior to the receipt by the Fund of the necessary notification to receive benefits under the particular section. The DeNike case, supra, is not apposite. There an application requesting retirement as of March 1 was approved on March 15, the retirement to be effective as of March 1, which was subsequent to the date the application was filed. Retroactivity to the date of actual retirement when an application was filed subsequent thereto was thus not involved. Furthermore, the court pointed out that it was the practice of the Board of Trustees of the State Employees' Retirement System to employ the limited retroactivity involved in selecting an effective date earlier than the date of approval, and in *408 view of the fact that no challenge to this practice was before it, it "would not now cast doubt upon the validity of such action unless it were plainly illegal." 62 N.J. Super., at p. 301.
In the instant case it is the practice of the Fund to grant retroactive retirement only in cases of disability pensions where the member suddenly becomes mentally or physically incapacitated and is thus unable to apply for those benefits. Although the injuries suffered by appellant in the mentioned automobile accident were quite substantial, it is clear that she was not incapacitated to the extent that she was physically or mentally unable to file an application during her convalescense; in all, six months elapsed between her notification to the Board that she had resigned and the time when she actually filed her application for early retirement benefits. From all of the foregoing we conclude that the Board was correct in refusing to approve September 1, 1961 as the effective date of appellant's retirement.
The second major issue to be decided on this appeal is whether an administrative rule of the Board can withstand the several attacks upon its validity made by appellant. That rule reads as follows:

"30 DAY RULE FOR FILING OF RETIREMENT APPLICATIONS
Following rule to be enforced beginning 1/1/59:
a. An application for retirement must be filed with the Pension Fund no later than 30 days prior to the effective date of retirement.
b. An application for retirement should be filed at least 60 days prior to retirement.
c. Retirement will be effected only on the 1st day of a month."
Acting under this rule the Board approved appellant's retirement as of March 1, 1962, i.e., the first of the month following 30 days from the filing of her application on January 19, 1962. Since we find that this 30-day rule is invalid under N.J.S.A. 18:13-112.39, in that it materially alters the rights of a member who makes an election thereunder, we need not discuss the other grounds of attack raised by appellant.
*409 The Board maintains that the 30-day rule "applies to all types of retirement as provided by N.J.S.A. 18:13-112.1, et seq.," having as its purpose the prevention of members' "death-bed selections" of the various options provided in N.J.S.A. 18:13-112.49, which options apply to all forms of retirement. This latter statutory provision does not state, however, that the choice of one of the options described therein shall not be effective until 30 days or more from the formal election; it provides merely that no election made thereunder shall be effective if the member "dies within 30 days after retirement." In Morgan v. Board of Trustees, Teachers, &c., Fund, 120 N.J.L. 567 (Sup. Ct. 1938), affirmed 122 N.J.L. 382 (E. & A. 1939), a rule providing that "If Option I is requested, the retirement does not become effective earlier than thirty days from the time Option I request is received in the Pension Fund Office," was approved and applied to deny the efficacy of a "death-bed" election. The court specifically cited a statutory provision, however, as legislative authority for the promulgation of such a rule. That statute read: "The board of trustees shall retire said member at the time specified or at such other time within thirty days after the date so specified as the board of trustees may find advisable." (Emphasis added)
Among our present-day laws dealing with the Teachers' Pension and Annuity Fund, statutory authority similar to that quoted immediately above appears in N.J.S.A. 18:13-112.45, but that provision deals only with "retirement for service," not "early retirement" under N.J.S.A. 18:13-112.39. In Frigiola v. State Bd. of Ed., 25 N.J. Super. 75 (App. Div. 1953), it was held that an administrative rule stating that retirement was not effective earlier than 30 days from the time an option as to disability retirement was requested was invalid for lack of authorization in the statute defining disability retirement. So in the instant case, the statute defining "early retirement" makes no reference to and cannot reasonably be interpreted as authorizing deferral of the effective date of such retirement beyond the date of a member's *410 formal election to receive benefits thereunder. What was stated in Frigiola is therefore fully applicable to the instant case: "Recognizing the manifest declaration of the legislative intent, the rule adopted by the board constitutes an endeavor to attach a material qualification to the mandate of the statute." 25 N.J. Super., at p. 81.
We do not propose to deny respondent a reasonable time in which to investigate and process applications for early retirement. Nor do we say that an administrative rule effective to minimize "death-bed" selections is invalid. But it is clear that application of the 30-day rule to cases of early retirement such as the present one, where the Fund is notified of an election to choose early retirement at a date subsequent to a member's actual cessation of employment, may operate to deprive that member of almost two months' retirement benefits to which he is entitled under N.J.S.A. 18:13-112.39.
In adopting the 30-day rule the Board evidently contemplated that members would notify the Fund of their election to receive early retirement (as well as other forms of retirement) in advance of the date when they would cease employment. In such instances the Board is afforded time to investigate and process the application while the member is still employed. The computation of benefits and commencement of payment thereof will thus coincide with the actual cessation of employment. No doubt this is what occurs in a great majority of cases. But where, as here, the election to receive early retirement benefits occurs after a member has in fact retired, utilization of the period designated in the 30-day rule for administrative purposes, causing thereby postponement of the effective date of retirement, results in depriving the member of retirement money due him during that period. This member is in effect "punished" for not having made an election at an earlier time. Such discrimination is unreasonable and contrary to the totally neutral terms of the statute. It may be noted in passing that N.J.S.A. 18:13-112.45, which does authorize the Board to grant "retirement for service" on the date specified in an application "or at such other time *411 within 30 days after the date so specified as the board finds advisable," makes no provision for allowing the Board to postpone the effective date of retirement to the first of the month following the end of that 30-day period.
We hold that a member of the Fund who makes a formal election to receive early retirement benefits under N.J.S.A. 18:13-112.39 must be granted those benefits effective on the date the election is received by the Fund, although the commencement of actual remission of payments to the retiree may be delayed for a reasonable period of time to allow the Board to investigate and process the application. (Note, however, N.J.S.A. 18:13-112.49, last paragraph.) Insofar as the 30-day rule operates to postpone the effective date of early retirement beyond the day that a member's ultimately approved election is filed with the Fund, it is invalid as being contrary to N.J.S.A. 18:13-112.39.
The determination appealed from is reversed, with directions to the board to enter early retirement for appellant effective January 19, 1962, and to calculate and pay her those benefits accordingly.