**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1132-19

KENNETH J. SIRAKIDES, JR.,
and MICHAEL J. RYAN,

     Plaintiffs-Appellants,

v.

THE HONORABLE GURBIR S.
GREWAL, ATTORNEY
GENERAL STATE OF NEW
JERSEY, and THE DIVISION OF
STATE POLICE, DEPARTMENT
OF LAW AND PUBLIC SAFETY,

     Defendants-Respondents.

_____

Argued February 22, 2021 – Decided July 28, 2021

Before Judges Messano, Hoffman, and Smith.

On appeal from the Superior Court of New Jersey,
Law Division, Mercer County, Docket No. L-1317-19.

Sanford R. Oxfeld argued the cause for appellant
Kenneth J. Sirakides, Jr. (Oxfeld Cohen, PC,
attorneys; Sanford R. Oxfeld, of counsel and on the
briefs; Jessie M. Humphries, on the briefs).

Melissa Salimbene argued the cause for respondents (Chiesa, Shahinian & Giantomasi, PC, attorneys; Melissa Salimbene and James R. Hearon, on the brief).

PER CURIAM

Appellant Kenneth J. Sirakides, Jr., a twenty-year veteran of the New Jersey State Police (NJSP), appeals an order transferring his Law Division complaint to the Appellate Division, pursuant to Rule 1:13-4(a). Sirakides' complaint challenged the Attorney General's denial of three separate recommendations for his promotion to sergeant. The complaint sought Sirakides' retroactive promotion as well as back pay.[1] We affirm the transfer from the Law Division as well as the denial of Sirakides promotion for the reasons set forth below.

Sirakides has been employed as a state trooper with the NJSP since August 5, 2005. On three occasions, beginning in 2017, Sirakides sought promotion to the rank of Sergeant.[2] On each occasion, the NJSP Acting Superintendent (Superintendent) recommended Sirakides to the Attorney General for promotion

---

[1] Co-plaintiff Michael J. Ryan withdrew his appeal in a letter he filed with us on February 27, 2020.

[2] The Superintendent recommended Sirakides for promotion by authoring three letters to the Attorney General dated, November 28, 2017; May 15, 2018; and February 8, 2019.

consistent with NJSP guidelines.[3]  In three separate letters dated January 2, 2018, July 9, 2018, and February 14, 2019, the Attorney General denied the recommended promotions.  Each denial letter from the Attorney General contained the following language, "[f]ollowing a review of your promotional package and disciplinary history, I did not approve your promotion pursuant to N.J.S.A. 53:1-5.2 based upon your individual disciplinary history."  No other explanation or notice was provided in the letters.

On July 8, 2019, Sirakides filed a declaratory judgment action seeking promotion to sergeant, alleging the Attorney General was arbitrary and capricious in denying the three promotions.  The respondents filed a motion to dismiss pursuant to Rule 4:6-2(a) and (e).  On October 10, 2019, Judge Janetta D. Marbrey found the Attorney General's three denial letters each constituted the final decisions of an administrative agency or officer, and issued an order transferring the matter to the Appellate Division pursuant to Rule 2:2-3(a)(2).  See Prado v. State, 186 N.J. 413, 422 (2006).

---

[3] The NJSP Operations Instruction Orders establish, among other administrative processes, guidelines for promotion to sergeant.  The orders in effect at the times Sirikades sought his promotions to sergeant were Order 17-20, effective June 1, 2017 through June 30, 2018, and Order 18-21, effective July 17, 2018 through July 31, 2019.

Sirakides filed a timely notice of appeal, and respondents sought our leave to amplify the Attorney General's decisions denying Sirakides' promotion and to file it as within time, which we granted. The amplification, dated March 11, 2020, is part of the record before us.[4]

On appeal, Sirakides argues that the Attorney General's denials were not final agency decisions and therefore jurisdiction in the Law Division was appropriate. In the alternative, Sirakides argues that if jurisdiction is properly with us, we should reverse the Attorney General's decisions as arbitrary and capricious. We disagree.

It is fundamental that we have exclusive jurisdiction to review final decisions made by a state agency—Sirakides does not dispute this well-established principle. See Prado, 186 N.J. at 422-23; Strategic Env't Partners, LLC v. N.J. Dep't of Env't Prot, 438 N.J. Super. 125, 138 (App. Div. 2014). Nonetheless, Sirakides argues the denial letters contain no factual or legal conclusions, no statement indicating the letters are to be considered final agency decisions, nor any language advising Sirakides that he has any right to seek

_____

[4] Sirakides' disciplinary history includes multiple substantiated charges from four separate internal investigations. The investigations resulted in a sixty-day suspension on May 20, 2016 for two investigations; a twenty-day suspension on March 14, 2014 for the third investigation; and a written warning on March 18, 2016 for the fourth investigation.

review of the decision.  He contends the letters are merely "polite refusals," not final decisions, and consequently we have no jurisdiction over Sirakides' claims.

"A final agency decision has . . . been described as one in which the agency communicates with 'unmistakable written notice the finality' of its decision." Silviera-Francisco v. Bd of Educ., 224 N.J. 126, 137 (2016) (citing In re CAFRA Permit No. 87-0959-5, 152 N.J. 287, 301 (1997)).

Sirakides argues that two cases, Siviera-Francisco and DeNike v. Bd. of Trs., 34 N.J. 430 (1961), stand for the principle that final administrative action must be characterized by, "findings of fact, conclusions of law, a definitive ruling, and a…clear statement that…[a]…party may seek review of the decision . . . ."  Silviera-Francisco, 224 N.J. at 139 (citing DeNike, 34 N.J. at 435-436).

Silviera-Francisco involved a school administrator seeking to establish and enforce tenure rights in the context of a school-district wide reduction in force.  The Commissioner of the Department of Education rejected the initial decision of the ALJ, and then remanded the matter for more fact-finding.  Id. at 130.  After the ALJ completed additional fact-finding and issued a second initial decision, the Commissioner adopted it.  Id. at 130.  In that case, the question was whether the Commissioner's rejection and remand of the ALJ's first initial decision was interlocutory or final.  Id. at 131. Judge Cuff, writing for the Court,

5

held the Commissioner's adoption of the ALJ's initial decision <u>after</u> the remand was the final agency decision. <u>Id</u>. at 143.

<u>DeNike</u> involved the appeal of a widow whose deceased husband was a member of the Public Employees' Retirement System (PERS). She wrote the PERS board of trustees seeking the maximum amount of pension benefits she argued she was entitled to as a widow. <u>Id</u>. at 432. PERS had no formal administrative review process in place at the time of the appeal. <u>Id</u>. at 432. The PERS trustees heard the widow's in-person request for clarification. <u>Id</u>. at 432. The trustees then sent a written letter to the widow declining her request for the maximum pension benefits. <u>Id</u>. at 432-33. The letter referenced the widow's claim and denied it without explanation, noting that her request was "<u>impossible</u> . . ." <u>Id</u>. at 433. The Court, noting the absence of any administrative rule or regulation establishing a forum for the trustees to hear an appeal, concluded the hearing was "informal," and nothing more than a "conference . . ." <u>Id</u>. at 435. Given that the hearing itself was not "clothed with finality," PERS' denial letter to the widow was "neither a finding of fact or conclusion of law." <u>Id</u>. at 436.

The facts before us are distinguishable. The record shows that Sirakides, a state trooper with twenty-years' experience, followed a well-established protocol for applying for promotion to sergeant. He was successful, to a point.

6

The Superintendent reviewed his qualifications and disciplinary history and recommended him for promotion.  See supra note.3.  He was not an employee facing involuntary demotion seeking clarification of her rights, as in Silviera-Francisco, nor was he an unsophisticated widower seeking pension benefits from the employer of his deceased spouse, as in DeNike.  He was an experienced employee familiar with his disciplinary history.  He settled his own disciplinary charges more than once during a four-year period between 2012 and 2016.  We find Silviera-Francisco and DeNike are distinguishable on their facts from the case before us.

To the extent Sirakides' argument merits consideration due to the abbreviated denial letters, the Attorney General's amplification cures any defect which may have existed.  The amplification adds no new information, it simply documents in painstaking detail what Sirakides already knew from the time he received his first denial letter—that the reason the NJSP refused to promote him was his lengthy disciplinary history.  We conclude nothing would be achieved by compelling further proceedings in the Law Division.

Having affirmed Judge Marbrey's order transferring jurisdiction, respondent urges us to bar Sirikades' challenge to the denials because it was filed

A-1132-19

well beyond the forty-five-day appeal deadline pursuant to Rule 2:4-1(2)(b).[5] In light of our holding above we decline to do so. Affirming Judge Marbrey's transfer and assuming jurisdiction, we turn to the merits.

Sirikades contends next that the Attorney General's decision to deny him promotion was arbitrary and capricious. "The person challenging an agency action has '[t]he burden of showing that an action was arbitrary, unreasonable[,] or capricious.'" In re M.M., 463 N.J. Super 128, 136 (App. Div. 2020) (citations omitted). The record shows Sirikades was involved in four separate incidents between 2012 and 2015. The ensuing investigations led to seven substantiated charges against him and corresponding discipline, including two suspensions. We note Sirikades' disciplinary history reveals a wide range of concerning conduct, including several negative interactions with his fellow officers. Understanding that Sirikades seeks promotion to sergeant, a position which requires the supervision of other state troopers, we cannot conclude on the record before us that the Attorney General's decision to deny Sirikades' promotion was arbitrary, capricious, or unreasonable. Any other arguments

---

[5] Accepting July 8, 2019, the date that Sirakides filed his complaint in the Law Division, as the date for challenging his promotion denials, he was one hundred and forty-four days beyond his most recent denial of February 14, 2019 and five hundred and fifty-two days beyond his oldest denial of January 2, 2018.

made by Sirikades lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION