SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**Christina Silviera-Francisco v. Board of Education of the City of Elizabeth (A-28-14) (074974)**

**Argued October 27, 2015 -- Decided January 27, 2016**

**CUFF, P.J.A.D. (temporarily assigned), writing for a unanimous Court.**

In this appeal, the Court considers appellate jurisdiction of an agency decision and the appropriate response when an appellate tribunal encounters on its calendar an interlocutory order from which leave to appeal was neither sought nor granted.

This appeal arises in the context of a petition to establish tenure and seniority rights filed with the Commissioner of Education (Commissioner) by Christina Silviera-Francisco, a principal who was returned to the classroom due to a reduction-in-force (RIF). The petition was transferred to the Office of Administrative Law (OAL) as a contested case, and Silviera-Francisco's employer, the Board of Education of the City of Elizabeth (Elizabeth Board), challenged the validity of her principal certification.

Following a hearing, an Administrative Law Judge (ALJ) adopted the Elizabeth Board's position, and recommended that the petition be dismissed. In September 2012, the Commissioner rejected the ALJ's Initial Decision. The Commissioner emphasized that the dispute before the DOE was limited to a determination of whether Silviera-Francisco obtained tenure, not a challenge to the DOE certification process. The Commissioner remanded the matter to the OAL for calculation of Silviera-Francisco's tenure and seniority rights in accordance with the presumptively valid certificate issued by the DOE.

The ALJ complied, and, on remand, concluded that Silviera-Francisco acquired tenure before the RIF. In April 2013, the Commissioner adopted the ALJ's Initial Decision on remand, and granted Silviera-Francisco's petition to be reinstated. The Elizabeth Board filed a timely notice of appeal.

The Elizabeth Board's argument on appeal focused entirely on the Commissioner's September 2012 decision that rejected the ALJ's Initial Decision and remanded for calculation of Silviera-Francisco's tenure and seniority rights. The appellate panel declined to review that decision. The Appellate Division held that the September 2012 decision was a final order from which the Elizabeth Board could have filed an appeal as of right. Having failed to do so, the panel concluded that the Elizabeth Board waived its right to appeal the September 2012 decision. The panel proceeded to affirm the decision of the Commissioner substantially for the expressed reasons in the Commissioner's April 2013 final decision.

The Court granted the Elizabeth's Board's petition for certification. 220 N.J. 207 (2014).

**HELD**: The Commissioner's September 2012 decision, which rejected the ALJ's Initial Decision and remanded to the OAL for calculation of tenure and seniority rights, was an interlocutory order. Until the calculation was complete and adopted by the Commissioner, all of the issues presented by the petitioner remained unresolved. The order became a final decision from which an appeal could be filed as of right only when the Commissioner adopted the decision of the ALJ following the remand proceedings.

1. The Rules of Court authorize an appeal as of right to the Appellate Division from final decisions or actions of any state administrative agency or officer and to review the validity of any rule promulgated by a state administrative agency with the exception of certain tax matters. Absent a final judgment, an appeal from an interlocutory order or decision may only be taken by leave granted by the Appellate Division. (p. 10)

2. Generally, a trial court order is considered final if it disposes of all issues as to all parties. The same principle pertains to orders and decisions of state administrative agencies. Another feature of a final agency decision is the

absence of or exhaustion of all avenues of internal administrative review. A final agency decision is one in which the agency communicates with unmistakable written notice the finality of its decision. Final agency action is also characterized by findings of fact, conclusions of law, a definitive ruling, and a clear statement that the interested party may seek review of the decision and the manner in which that may be accomplished. A remand order from an agency to the OAL for further consideration is by its very nature interlocutory. (pp. 10-16)

3. Many disputes concerning the interpretation and application of the education laws are referred to and resolved by the Commissioner. Questions have arisen concerning whether a particular decision rendered by the Commissioner is interlocutory or final agency action. One of the indicia of final agency action is whether a decision is subject to further review within the agency including review by the Commissioner, or whether the matter has been referred to the OAL for further action. (pp. 16-17)

4. When a party appeals from a final judgment, the party may seek review of interlocutory orders that have not been rendered moot or definitively ruled upon by an appellate court in a prior or separate appeal. An interlocutory order is preserved for appeal with the final judgment or final agency decision if it is identified as a subject of the appeal, either in the notice of appeal or the case information statement. (pp. 17-18)

5. Jurisdiction is an issue that a court may raise at any time. A court that recognizes a jurisdictional defect should notify the parties and permit them to address the issue of the court's jurisdiction. (p. 18)

6. Here, the need for further administrative proceedings to adjudicate Silviera-Francisco's petition is a strong indicator that the Commissioner's September 2012 decision was not a final agency decision. Because the single, narrow issue presented in the petition remained unresolved, the Commissioner's September 2012 decision remanding the matter to the OAL must be considered an interlocutory order. Appellate Division jurisdiction could therefore only be secured by submission and grant of a motion for leave to appeal. The failure by the Elizabeth Board to seek leave to appeal or to identify the September 2012 decision by date in its Notice of Appeal cannot be considered a waiver of its right to review that earlier, interlocutory order. The Elizabeth Board clearly identified the September 2012 decision in the Case Information Statement submitted with its Notice of Appeal. (pp. 18-20)

7. Finally, an appellate tribunal always has the authority to question whether its jurisdiction has been properly invoked. When a tribunal identifies a pending appeal that may be from an interlocutory order for which leave has not been granted, the better practice is to notify the parties and to permit them to comment on the issue rather than dismissing the appeal or declining to review a fully briefed issue without notice to the parties. (p. 21)

The judgment of the Appellate Division is **REVERSED**, and the matter is **REMANDED** for consideration of the issues presented by the Elizabeth Board in its appeal.

**CHIEF JUSTICE RABNER, and JUSTICES LaVECCHIA, ALBIN, PATTERSON, and SOLOMON join in JUDGE CUFF's opinion. JUSTICE FERNANDEZ-VINA did not participate.**

CHRISTINA SILVIERA-FRANCISCO,

    Petitioner-Respondent,

       v.

BOARD OF EDUCATION OF THE
CITY OF ELIZABETH, UNION
CITY,

    Respondent-Appellant.

Argued October 27, 2015 – Decided January 27, 2016

On certification to the Superior Court, Appellate Division.

Bruce S. Rosen argued the cause for appellant (McCusker, Anselmi, Rosen, & Carvelli, attorneys; Mr. Rosen and Kristina D. Pasko, on the briefs).

Lawrence N. Lavigne argued the cause for respondent (Mr. Lavigne, attorney; Mr. Lavigne and Jignesh J. Shah, on the brief).

Donna Sue Arons argued the cause for amicus curiae New Jersey Commissioner of Education (John J. Hoffman, Acting Attorney General of New Jersey, attorney; Lewis A. Scheindlin, Assistant Attorney General, of counsel; Beth N. Shore, Deputy Attorney General, on the letter brief).

JUDGE CUFF (temporarily assigned) delivered the opinion of the Court.

This appeal presents a narrow issue of appellate jurisdiction of an agency decision and the appropriate response

by an appellate tribunal when it encounters on its calendar an interlocutory order from which leave to appeal was neither sought nor granted. The appeal arises in the context of a petition filed by a principal who was returned to the classroom due to a reduction-in-force (RIF), which included elimination of all vice-principal positions throughout the district.

Here, the principal filed a petition with the Commissioner of Education (Commissioner) to establish her tenure and seniority rights as a vice-principal. Her employer, the Board of Education of the City of Elizabeth (Elizabeth Board), challenged the validity of her principal certification, which challenge, if successful, affected her tenure and seniority rights. An Administrative Law Judge (ALJ) adopted the Elizabeth Board's position, but the Commissioner rejected the Initial Decision and remanded the matter to the Office of Administrative Law (OAL) for calculation of the petitioner's tenure and seniority rights. The ALJ promptly complied, the Commissioner adopted the Initial Decision, and the Elizabeth Board filed a timely notice of appeal.

The Appellate Division held that the Commissioner's first decision was a final order from which the Elizabeth Board could have filed an appeal as of right. Having failed to do so, the panel concluded that the Elizabeth Board waived its right to appeal the Commissioner's first decision. The appellate panel

2

raised the issue of the timeliness of the appeal sua sponte and determined that the Commissioner's first decision rejecting the ALJ's Initial Decision was a final order from which the employer should have taken an appeal.  We disagree.

The Commissioner's first decision was plainly an interlocutory order.  He rejected the ALJ's decision and remanded the matter to the OAL for calculation of tenure and seniority rights.  Until that calculation was complete and adopted by the Commissioner, all of the issues presented by the petitioner remained unresolved.  Stated differently, the order became a final decision from which an appeal could be filed as of right only when the Commissioner adopted the decision of the ALJ following the remand proceedings.  We therefore reverse the judgment of the Appellate Division.

I.

Christina Silviera-Francisco was hired by the Elizabeth Board as a teacher in September 2001.  In early 2006, Silviera-Francisco received a Certificate of Eligibility for the position of principal.  Effective September 1, 2006, she was appointed to the position of interim vice-principal at a middle school.  Soon thereafter, she assumed the position of vice-principal at the same middle school and remained in that position through the 2006-07 school year.

On September 10, 2007, Silviera-Francisco transferred to Thomas Jefferson House of Elizabeth High School as vice-principal.[1]  On January 9, 2008, Silviera-Francisco was issued a Provisional Certificate-Principal backdated to November 2007.  By July 2009, Silviera-Francisco had completed all of the technical requirements to receive a Standard Certificate-Principal.

For the 2009-10 school year, Silviera-Francisco held the position of Interim Principal[2] of Thomas Jefferson House of Elizabeth High School.  In March 2010, the Assistant Superintendent of Schools recommended Silviera-Francisco for appointment as Principal of Thomas Jefferson House for the 2010-11 school year.  Silviera-Francisco signed and returned the contract presented to her.

In June 2010, the Elizabeth Board instituted a RIF abolishing the position of vice-principal throughout the district.  Silviera-Francisco, who was serving as Interim Principal, did not receive notice that the RIF affected her.  Nevertheless, she was summoned by the Superintendent of Schools, who informed her that she was being returned to the classroom.  The Superintendent explained that a school was being closed and that the principal of that school would move as principal to

---

[1] This position is also referred to as Assistant House Director.
[2] This position is also referred to as Interim House Director.

4

another school because that administrator had more seniority than Silviera-Francisco. The Superintendent acknowledged that Silviera-Francisco's last tenured position was as vice-principal, but stated that she could not return to that position because that position had been eliminated.

Soon thereafter, the Assistant Superintendent of Schools contacted Silviera-Francisco and asked her to forward her Standard Certificate-Principal to human resources. Because Silviera-Francisco had never received that certificate, she contacted the Department of Education (DOE). She was informed that the certificate had not been forwarded to her because she had not paid the $200 fee and had not submitted an application. The Director of the Office of Certification and Induction of the DOE instructed her that an application would be sent to her and that she should return it and a $200 check to the DOE. Silviera-Francisco was also informed that she was in good standing for the next school year because the DOE recognized the effective date of her Standard Certificate-Principal as September 2009.

II.

On July 14, 2011, Silviera-Francisco filed a petition[3] with the DOE to establish her tenure rights. See N.J.S.A. 18A:3B-

[3] On July 20, 2010, Silviera-Francisco filed a complaint in Superior Court in which she claimed that she had been demoted

5

6(f), 6-9.[4]  Silviera-Francisco's petition was transferred to the OAL as a contested case.

Following a hearing, an ALJ issued an Initial Decision concluding that the DOE decision to make Silviera-Francisco's Standard Certificate-Principal retroactive to September 2009 was ultra vires.  The ALJ found that Silviera-Francisco was eligible to receive her Standard Certificate-Principal in September 2009 because she met all of the necessary requirements for certification.  However, the ALJ found that the delay in perfecting her certification was attributable to Silviera-Francisco's failure to file the application and pay the fee in a timely manner.  The ALJ determined that the Coordinator in the Office of Certification and Induction lacked the statutory or regulatory authority to backdate Silviera-Francisco's certificate.  The ALJ therefore concluded that Silviera-Francisco did not earn time toward her tenure as a principal during the 2009-10 school year while serving as a provisional principal.  The ALJ recommended that the petition should be dismissed.

---

due to pregnancy contrary to the Law Against Discrimination (LAD).  See N.J.S.A. 10:5-12 (prohibiting discrimination in employment due to pregnancy).  The Superior Court action was stayed pending resolution of the administrative proceeding.
[4] As of the 2012-13 school year, a controversy or dispute arising from dismissal or reduction in compensation of tenured persons in a public school system is referred to an arbitrator.  See L. 2012, c. 26 §§ 4, 28.

6

The Commissioner rejected the ALJ's Initial Decision.  In his September 14, 2012 decision, the Commissioner determined that the ALJ did not have jurisdiction to hear and decide a challenge to the agency action.  Rather, the Commissioner determined that such a challenge should be heard in the Appellate Division.  The Commissioner further found that in the context of a petition to determine whether a principal had achieved tenure, the DOE was a necessary party but had never been joined as a party.  The Commissioner emphasized that the dispute before the DOE was limited to a determination whether Silviera-Francisco obtained tenure as a vice-principal, not a challenge to the DOE certification process.  Holding that Silviera-Francisco received her Standard Certificate–Principal on August 11, 2010, that the certificate was effective September 2009, and that the certificate was valid on its face, the Commissioner remanded the matter to the OAL to determine Silviera-Francisco's tenure and seniority rights in accordance with the presumptively valid certificate issued by the DOE.

On remand, the parties stipulated that if the ten months between September 2009 and June 2010 counted towards tenure as a vice-principal, Silviera-Francisco had attained tenure and should have returned to a classroom teacher position with the salary of a vice-principal.

In accordance with the parties' stipulation, the ALJ concluded that Silviera-Francisco acquired tenure as a vice-principal before the RIF. In a decision dated April 17, 2013, the Commissioner adopted the ALJ's Initial Decision on remand and granted Silviera-Francisco's petition to be reinstated as a vice-principal by the Elizabeth Board and paid the difference between her salary as a teacher and as a vice-principal retroactive to June 2010. The Elizabeth Board filed a timely notice of appeal in the Appellate Division.

The Elizabeth Board's argument on appeal focused entirely on the Commissioner's September 14, 2012 decision that rejected the Initial Decision of the ALJ and remanded to the OAL for calculation of Silviera-Francisco's tenure and seniority rights. The appellate panel declined to review that decision for two reasons. First, the Elizabeth Board did not identify the 2012 decision as the subject of the appeal in its Notice of Appeal. Second, the panel determined that the Commissioner's 2012 decision was a final decision from which the Elizabeth Board had a right to appeal when it was issued. The panel proceeded to affirm the decision of the Commissioner substantially for the expressed reasons in the Commissioner's April 2013 final decision.

This Court granted the Elizabeth Board's petition for certification. Silviera-Francisco v. Bd. of Educ. of Elizabeth, 220 N.J. 207 (2014).

## III.

The Elizabeth Board argues that the September 2012 decision of the Commissioner was an interlocutory order from which there was no right to appeal. It therefore contends that the Appellate Division erred when it treated the 2012 decision as a final decision of an administrative agency from which the Elizabeth Board could have filed a notice of appeal as of right. The Elizabeth Board also maintains that the Appellate Division raised the issue of whether the 2012 order was interlocutory or final without notice to it and without providing an opportunity to address the issue. It therefore insists that the appellate panel deprived it of its right to due process.

Silviera-Francisco responds that the Commissioner's 2012 decision clearly advised the parties that the decision was a final order subject to appeal. Silviera-Francisco contends that the Elizabeth Board waived its right to appeal the September 2012 decision when it failed to file a notice of appeal from that decision. She also maintains that the appellate panel did not err in raising an issue that affected its jurisdiction for the first time during oral argument.

9

The Commissioner contends that the Appellate Division properly determined that the scope of its review was limited to the Commissioner's April 17, 2013 final decision and did not encompass any issues addressed in the Commissioner's September 2012 decision.

IV.

Judicial review of administrative agency action is a constitutional right. See N.J. Const. art. VI, § 5, ¶ 4. Rule 2:2-3(a)(2) also authorizes an appeal as of right to the Appellate Division from final decisions or actions of any state administrative agency or officer and to review the validity of any rule promulgated by a state administrative agency with the exception of certain tax matters. In the absence of a final judgment or order considered final by rule or law, an appeal from an interlocutory order or decision may only be taken by leave granted by the Appellate Division. R. 2:2-3(b).

Whether a trial court order is final or interlocutory has bedeviled courts and attorneys for decades. See generally Robert A. Clifford, Civil Interlocutory Appellate Review in New Jersey, 47 Law & Contemporary Probs. 87 (1984); Mark A. Sullivan, Interlocutory Appeals, 92 N.J.L.J. 161 (1969). Generally, an order is considered final if it disposes of all issues as to all parties. Petersen v. Falzarano, 6 N.J. 447, 452-53 (1951); In re Donohue, 329 N.J. Super. 488, 494 (App.

10

Div. 2000) (citations omitted).  Thus, in a multi-party, multi-issue case, an order granting summary judgment, dismissing all claims against one of several defendants, is not a final order subject to appeal as of right until all claims against the remaining defendants have been resolved by motion or entry of a judgment following a trial.  McGlynn v. State, 434 N.J. Super. 23, 29 (App. Div.) (citing Yuhas v. Mudge, 129 N.J. Super. 207, 209 (App. Div. 1974)), certif. denied, 217 N.J. 589 (2014).

The same principle pertains to orders and decisions of state administrative agencies.  In re CAFRA Permit No. 87-0959-5, 152 N.J. 287, 299 (1997); Donohue, supra, 329 N.J. Super. at 494.  Another feature of a final agency decision is the absence of or exhaustion of "all avenues of internal administrative review."  Bouie v. N.J. Dep't of Cmty. Affairs, 407 N.J. Super. 518, 527 (App. Div. 2009).  A final agency decision has also been described as one in which the agency communicates with "unmistakable written notice the finality" of its decision. CAFRA Permit, supra, 152 N.J. at 301.

Notwithstanding those principles, parties' failure to properly categorize agency action as interlocutory or final recurs with some regularity.  See generally Pressler & Verniero, Current N.J. Court Rules, comment 3.3 on R. 2:2-3 (2016).  The Court in CAFRA Permit, supra, analyzed the issuance of a permit by the Department of Environmental Protection (DEP) to identify

11

the indicia of a final agency action in the context of permits issued. 152 N.J. at 301-03. The Court explained that an initial permit that contained a waiver of certain regulations and a plethora of conditions was a final agency action. Ibid. Similarly, when the developer sought, and the DEP permitted, a subsequent modification of the permit, the Court stated that the numerous conditions and the accompanying voluminous factual findings signified that the agency had issued a final decision that triggered the time for filing a notice of appeal of the modified permit. Ibid. The objector therefore was barred from challenging the waiver of certain regulations included in the initial permit and maintained in the modified permit, because it failed to appeal the issuance of the initial permit. Id. at 204-06. In contrast, a permit issued by an agency, which was required to be referred for review by another agency, could not be considered a final agency action until the other agency conducted its review and the issuing agency accepted, rejected, or modified the recommendation of the other agency. In re N.J. Dep't of Envtl. Prot. Conditional Highlands Applicability Determination, Program Interest No. 435434, 433 N.J. Super. 223, 234-35 (App. Div. 2013).

The Appellate Division addressed the final versus interlocutory distinction in Donohue, supra, in a context strikingly similar to the procedural course presented in this

12

appeal. 329 N.J. Super. 488. In Donohue, rate analysts employed by the DEP, who had been employed initially by the Board of Public Utilities (BPU), were affected by a RIF and sought to expand their demotional rights to the BPU. Id. at 491-92. They filed a petition with the Merit System Board and the Commissioner of Personnel[5] to relax a rule that confined their demotional rights to the department that employed them at the time of a RIF. Id. at 492. In the alternative, they sought reassignment or transfer to other positions in the DEP to lessen the possibility of future layoffs. Ibid. The Commissioner of Personnel declined to relax the rule but ordered a classification review of their titles. Id. at 492-93.

The agency conducted a classification review but denied the request for reclassification. Id. at 493. The employees sought reconsideration and then filed another appeal when they received layoff notices. Id. at 493-94. In their appeal, the laid-off rate analysts renewed their request to relax the rule defining the layoff unit. Id. at 494. When the Commissioner of Personnel denied relief, the terminated rate analysts filed their appeal in the Appellate Division. Ibid.

---

[5] Effective June 30, 2008, all responsibilities of the Merit System Board and the Department of Personnel were assumed by the Civil Service Commission. N.J.S.A. 11A:11-1, 2.

13

Referring expressly to the employees' efforts to avoid being laid off and their subsequent termination because the Commissioner of Personnel refused to relax the rule defining the layoff unit, the Appellate Division rejected the Commissioner of Personnel's contention that the employees should have filed a notice of appeal from the Commissioner of Personnel's initial decision. Ibid. The appellate panel regarded the DEP Commissioner's initial decision as interlocutory because the employees' alternative request for reclassification remained open. Ibid. Indeed, the panel observed that any appeal from the Commissioner of Personnel's first decision would have been dismissed as an appeal from an interlocutory decision. Ibid. The panel further stated that "[t]he Commissioner [of Personnel]'s decision was not final because it left unadjudicated appellant's request for reclassification." Id. at 495.

Final agency action is also characterized by findings of fact, conclusions of law, a definitive ruling, and a clear statement that the interested party may seek review of the decision and the manner in which that may be accomplished. DeNike v. Bd. of Trs., Emps. Ret. Sys. of N.J., 34 N.J. 430, 435-36 (1961). Thus, a letter without those necessary elements and written in terms that caused the Court to consider the letter no more than "a polite refusal" by the agency to change

14

its previously stated position could not be considered final agency action for purposes of triggering a right to appeal. Id. at 436.

Finally, a remand order from an agency to the OAL for further consideration is by its very nature interlocutory. See, e.g., Dir., Office of Workers' Comp. Programs v. Bath Iron Works Corp., 853 F.2d 11, 14 (1st Cir. 1988) ("Because the Board did not purport definitively to resolve the controversy between the parties, but instead remanded to the ALJ for further proceedings, the present order did not close out the case. No legal consequences flowed directly and inexorably from it. To the contrary, the order contemplated that something further needed to be done."); see also CH2M Hill Cent., Inc. v. Herman, 131 F.3d 1244, 1246 (7th Cir. 1997) (reviewing prior cases that held "remand to the ALJ is not an order 'directing other appropriate relief'" and concluding that "the prevailing wisdom is correct"); Cooper Stevedoring Co. v. Dir., Office of Workers' Comp. Programs, 826 F.2d 1011, 1014 (11th Cir. 1987) (per curiam) ("[R]emand of a . . . claim to an ALJ for further findings of fact is not an appealable order."); S.C. Baptist Hosp. v. S.C. Dep't of Health & Envtl. Control, 353 S.E.2d 267, 270 (S.C. 1987) ("An agency decision which does not decide the merits of a contested case, but merely remands to the Department for further action is not a final agency decision subject to

15

judicial review."). Indeed, Judge Lefelt emphasizes that "[a] party who is particularly upset with a remand [to an ALJ] must seek leave to appeal in the Appellate Division." See 37 New Jersey Practice, Administrative Law and Practice § 6.20, at 334 (Steven L. Lefelt et al.) (2d ed. 2000).

Many disputes concerning the interpretation and application of the education laws, N.J.S.A. 18A:1-1 to 76-4, are referred to and resolved by the Commissioner. N.J.S.A. 18A:6-9. Questions have arisen concerning whether a particular decision rendered by the Commissioner is interlocutory or final agency action. One of the indicia of final agency action is whether a decision is subject to further review within the agency including review by the Commissioner, or whether the matter has been referred to the OAL for further action. Thus, where the Legislature has declared that the Commissioner is the final agency decision-maker on a charter school application, see N.J.S.A. 18A:36A-4(c), a decision rejecting or approving a charter school application by the Commissioner is a final agency decision. In re Proposed Quest Acad. Charter Sch., 216 N.J. 370, 383 (2013).

Similarly, when the DOE adopts a regulation that makes no provision for an appeal of a decision issued by a unit of the department to the Commissioner or the State Board of Education, the decision issued by that unit of the DOE is final agency action and is appealable as of right pursuant to Rule 2:2-

16

3(a)(2).  Bd. of Educ. of Lenape Reg'l High Sch. Dist. v. N.J. State Dep't of Educ., 399 N.J. Super. 595, 605 (App. Div. 2008) (holding that decision of Office of Special Education Programs is final agency decision).  In addition, when neither the Legislature nor the DOE directed that the decision of a board of review is reviewable by the Commissioner or the State Board of Education, a decision by the board of review is properly considered final agency action from which an appeal may be filed as of right.  Winslow Twp. Bd. of Educ. v. Bd. of Review, 275 N.J. Super. 206, 210 (App. Div. 1994).

When a party appeals from a final judgment, the party may seek review of interlocutory orders that have not been rendered moot or definitively ruled upon by an appellate court in a prior or separate appeal.  See Elmora Hebrew Ctr., Inc. v. Fishman, 239 N.J. Super. 229, 232 (App. Div. 1990), aff'd, 125 N.J. 404 (1991).  An interlocutory order is preserved for appeal with the final judgment or final agency decision if it is identified as a subject of the appeal.  In re Carton, 48 N.J. 9, 15 (1966).  That may be done in the notice of appeal or the case information statement.  Synnex Corp. v. ADT Sec. Servs. Inc., 394 N.J. Super. 577, 588 (App. Div. 2007) (permitting consideration of order granting partial summary judgment identified in case information statement); Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div.) (declining to review trial ruling

17

not identified in notice of appeal), aff'd o.b., 138 N.J. 41
(1994). Failure to identify an interlocutory order may be
considered a waiver of any objection to that order. Sikes,
supra, 269 N.J. Super. at 465-66. Jurisdiction is an issue that
a court may raise at any time. Pressler & Verniero, supra,
comment 1.2.4 on R. 2:8-2. When a court recognizes that it
lacks jurisdiction, such as when it recognizes that the appeal
is not from a final judgment or final agency action, it may
dismiss the appeal. Ibid. Notice and an opportunity to respond
to an issue raised by a party or a court are fundamental
elements of due process and a fair hearing. Mettinger v. Globe
Slicing Mach. Co., 153 N.J. 371, 389 (1998). Therefore, a court
that recognizes a jurisdictional defect should notify the
parties and permit them to address the issue of the court's
jurisdiction. N.J. Office of Emp. Relations v. Commc'n Workers
of Am., 154 N.J. 98, 108 (1998).

V.

Silviera-Francisco filed a petition with the DOE to
establish her tenure rights. The Elizabeth Board interjected
the issue of the legitimacy of a DOE practice of backdating
certificates to the date of application or the commencement of
the school year in which certification is granted or the
certificate is issued. The Initial Decision of the ALJ did not
address directly the tenure rights of Silviera-Francisco and

18

therefore did not resolve the question posed by Silviera-Francisco in her petition. The Commissioner rejected the Initial Decision submitted by the ALJ and remanded the petition to the OAL for the ALJ to make findings of fact and conclusions of law on the single and narrow issue presented in the petition.

The need for further administrative proceedings is a strong indicator that the Commissioner's 2012 decision was not a final agency decision. See Donohue, supra, 329 N.J. Super. at 494-95. The single and narrow issue presented in the petition filed by Silviera-Francisco remained unresolved. Because the decision failed to resolve any issue presented in the petition, the Commissioner's September 2012 decision remanding the matter to the OAL must be considered an interlocutory order. Appellate Division jurisdiction could therefore only be secured by submission and grant of a motion for leave to appeal.

To be sure, the Commissioner's September 2012 decision contained language that a party that disagreed with his decision could file an appeal. We decline, however, to permit the agency to confer jurisdiction on the Appellate Division when the substance of the decision plainly and unequivocally provides that a final decision on the petition has not been entered. The Commissioner's September 2012 decision remanding the matter to the OAL, if appealed, would have been subject to a motion to dismiss for lack of jurisdiction.

19

We also determine that the failure by the Elizabeth Board to seek leave to appeal or to identify the September 2012 decision of the Commissioner by date in its Notice of Appeal cannot be considered a waiver of its right to review that earlier, interlocutory order in the context of this case. The Elizabeth Board clearly identified the September 2012 decision in the Case Information Statement submitted with its Notice of Appeal. The text of the Elizabeth Board's summary in the Case Information Statement of the decision that was the subject of the appeal plainly refers to the September 2012 decision that rejected the Elizabeth Board's defense to the petition and remanded the matter to the OAL for further proceedings consistent with the Commissioner's decision. While it may have been better practice to identify the September 2012 decision by date, Silviera-Francisco and the appellate panel had sufficient notice that the Elizabeth Board sought to overturn the Commissioner's initial decision in this matter. Synnex Corp., supra, 394 N.J. Super. at 588.

Finally, no party may confer jurisdiction on an appellate tribunal simply by filing a notice of appeal. No agreement between or among parties may confer jurisdiction on the Appellate Division in the absence of a final order, Hudson v. Hudson, 36 N.J. 549, 553 (1962), and the Appellate Division has repeatedly admonished parties for attempting to disguise an

20

interlocutory order or orders as final for purposes of pursuing an appeal as of right, see Grow Co. v. Chokshi, 403 N.J. Super. 443, 461 (App. Div. 2008); CPC Int'l, Inc. v. Hartford Accident & Indem. Co., 316 N.J. Super. 351, 365-66 (App. Div. 1998), certif. denied, 158 N.J. 73 (1999).  To that end, an appellate tribunal always has the authority to question whether its jurisdiction has been properly invoked.  See R. 2:8-2.  When an appellate tribunal identifies a pending appeal that may be from an interlocutory order for which leave has not been granted, the better practice is always to notify the parties and to permit them to comment on the issue rather than dismissing the appeal or declining to review a fully briefed issue without notice to the parties of the jurisdictional issue.  Office of Emp. Relations, supra, 154 N.J. at 108.

                                VI.

Having concluded that the September 2012 decision of the Commissioner was an interlocutory order from which there was no right to appeal, that the Elizabeth Board did not waive its right to appeal that order once a final agency decision addressing all issues raised in Silviera-Francisco's petition was issued on April 17, 2013, and that the Elizabeth Board has not had a full and fair opportunity to have the merits of its objections considered, we reverse the judgment of the Appellate Division affirming the Commissioner's 2013 order and remand for

21

consideration of the issues presented by the Elizabeth Board in its appeal.


CHIEF JUSTICE RABNER, and JUSTICES LaVECCHIA, ALBIN, PATTERSON, and SOLOMON join in JUDGE CUFF's opinion. JUSTICE FERNANDEZ-VINA did not participate.

SUPREME COURT OF NEW JERSEY

NO.   A-28                         SEPTEMBER TERM 2014

ON CERTIFICATION TO   Appellate Division, Superior Court


CHRISTINA SILVIERA-FRANCISCO,

        Petitioner-Respondent,

                v.

BOARD OF EDUCATION OF THE CITY OF
ELIZABETH, UNION CITY,

        Respondent-Appellant.


DECIDED           January 27, 2016
                  Chief Justice Rabner              PRESIDING
OPINION BY        Judge Cuff (temporarily assigned)
CONCURRING/DISSENTING OPINION BY
DISSENTING OPINION BY

| CHECKLIST | REVERSE/ REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | -------------------- | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 6 | |