**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4579-14T3

REGINA S. BAILEY,

     Plaintiff-Appellant/
     Cross-Respondent,

v.

JOSEPH GIBBONS, TANYA WOOD,
DAVID WATKINS, ESQ., THE CITY
OF ENGLEWOOD, ENGLEWOOD
POLICE OFFICER THORNTON WHITE,
ENGLEWOOD POLICE OFFICER
GONZALEZ, and ENGLEWOOD
LIEUTENANT BARRETT,

     Defendants-Respondents,

and

PAT PRIANT and RUSSO REALTY,

     Defendants,

and

KELLY BERTEN[1] ROCCO, ESQ.,

    Defendant/Third-Party Plaintiff-
    Respondent/Cross-Appellant,

v.

JAMES M. MARKS, II, ESQ.,

    Third-Party Defendant.
_____

Argued October 1, 2018 – Decided October 15, 2018

Before Judges Sabatino, Haas and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-0673-09.

James M. Marks, II, argued the cause for appellant/cross-respondent (The Law Firm of James M. Marks, II, attorneys; Nicolas G. Rotsides, on the briefs).

David M. Watkins, respondent pro se.

Adam J. Adrignolo argued the cause for respondent/cross-appellant (McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys; Christopher J. Carey, of counsel; Adam J. Adrignolo and Michelle M. O'Brien, on the briefs).

Marc D. Mory argued the cause for respondents City of Englewood, Englewood Police Officer Thornton White, Englewood Police Officer Gonzalez, and Englewood Lieutenant Barrett (Dvorak & Associates,

_____

[1] Improperly pled as Burton.

A-4579-14T3

LLC, attorneys; Lori A. Dvorak, of counsel; Marc D.
Mory, on the brief).

Respondents Joseph Gibbons and Tanya Wood have not
filed briefs.

PER CURIAM

Plaintiff, the Estate of Regina Bailey,[2] appeals various rulings of the trial court in this complicated case arising out of her removal from her former marital residence and the alleged destruction of her belongings. Among other things, plaintiff has asserted claims against: the purchasers of the residence, Joseph Gibbons and Tanya Wood; the purchasers' attorney David Watkins, Esq.; her former attorney Kelly Berten Rocco, Esq.; and the City of Englewood as well as various police officers of the City who took part in the forcible removal of plaintiff from the residence.

We need not recite here the lengthy procedural history of this litigation. It will suffice to say that the trial court and the federal court have issued various successive orders, among other things, dismissing plaintiff's legal malpractice and other claims against attorneys Rocco and Watkins, and dismissing plaintiff's

---

[2] The original plaintiff, Regina Bailey, died in 2016 during the pendency of this appeal, and her Estate has been substituted in her stead.

claims alleging constitutional violations under 42 U.S.C. § 1983 against the City and its officials.

After plaintiff amended the complaint to assert the Section 1983 claims, the matter was temporarily removed to the federal court. The federal court dismissed the Section 1983 claims and thereafter remanded the case to the Law Division. Further orders were issued by the Law Division, and plaintiff appealed to this court. Questions then arose concerning whether the rulings appealed from had disposed of all issues and all parties, as required to confer appellate jurisdiction upon this court pursuant to Rule 2:2-3(a)(1). Those concerns resulted in a May 19, 2014 order remanding the case back to the trial court for lack of finality.

Further questions arose concerning whether the trial court had made a final disposition of the claims against Gibbons and Wood, the homebuyers, following the remand from federal court. That uncertainty resulted in the following sua sponte remand order dated April 12, 2017, issued by Judge Ostrer of this court:

> On May 15, 2014, under docket number A-2974-13T3, we dismissed plaintiff's prior notice of appeal in this action, as it sought review of interlocutory orders. We also denied leave to appeal the interlocutory orders in question, and remanded "for the expeditious

resolution of the remaining claims and issues in this case."

We found that "the trial judge has erroneously suggested, or concluded, that there are no claims or issues to be adjudicated[.]" We noted, as an example, that "[a]lthough an order entered by the trial judge on October 25, 2013, in denying defendant David Watkins's cross-motion for summary judgment, professes 'the case has been disposed of since June 4, 2013 and is considered closed,' that order alone (which refused to adjudicate that motion on its merits) demonstrates that claims remain unresolved in the trial court." We did not intend to suggest that Watkins's claim was the only outstanding claim in need of resolution.

On remand, the trial court granted Watkins's motion for summary judgment on April 14, 2015.

Thereafter, plaintiff filed a notice of appeal seeking review of that order, and four other interlocutory orders, including an October 25, 2013, order denying her motion for summary judgment against Gibbons and Wood. That appeal, A-4579-14T3, is now before us.

Upon our review of the appellate record and the parties' briefs, it appears that the trial court has neither adjudicated the claims against Gibbons and Wood nor entered a final order or judgment in this matter. Thus, the appeal remains interlocutory. R. 2:2-3(a); See Silviera-Francisco v. Bd. of Educ. of City of Elizabeth, 224 N.J. 126, 136 (2016) ("[I]n a multi-party, multi-issue case, an order granting summary judgment, dismissing all claims against one of several defendants, is not a final order subject to appeal as of right until all claims against the remaining defendants have been

5

resolved by motion or entry of a judgment following a trial.").

> IT IS ON THIS 12th DAY OF APRIL, 2017, HEREBY ORDERED THAT: The matter is temporarily remanded to the trial court for the expeditious resolution of the remaining claims and issues. The trial court shall advise this court, within thirty days, of its plan to resolve plaintiff's claims against defendants Gibbons and Wood. Upon receipt of that information, the court will decide whether the balance of this appeal will move forward. We retain jurisdiction.

Following receipt of the April 12, 2017 remand order, the trial court issued a short opinion dated May 4, 2017. The opinion concluded that there are no outstanding claims against either defendants Gibbons or Wood left to be adjudicated in the trial court:

<u>DECISION</u>

> After having carefully reviewed the file and thoroughly researching the matter as ordered, this Court finds that there are no outstanding claims and issues against Defendants Gibbons and Wood. Once this matter was remanded from Federal Court on September 12, 2012, Gibbons was among three Defendants who were not properly reinstated in the instant Superior Court action. <u>See</u> Exhibit A (Order dated January 31, 2014). In that action, Plaintiff Regina Bailey (hereinafter, "Bailey") had moved to reinstate[] her claims against Gibbons. This Court denied that Motion, effectively dismissing Gibbons by leaving him inactive as a defendant. <u>Id.</u> No subsequent motion was made to reinstate Gibbons.

6

After reviewing the file, this Court located a letter from Bailey's counsel, James M. Marks, II, to Judge Robert L. Polifroni, P.J.Cv.  See Exhibit B (Letter dated April 10, 2015).  In this letter, Bailey's counsel mentions that Wood "declared bankruptcy.  In February 2015 a final bankruptcy hearing was scheduled." Id.  Upon review of this information, this Court found that on or about February 18, 2011, Wood filed a Chapter 7 voluntary petition for bankruptcy.  See Exhibit C (Chapter 7 Voluntary Petition filed by Andrew J. Pincus of Seidman & Pincus, LLC on behalf of Tanya Wood).  In her petition, she listed Bailey as a creditor holding an unsecured nonpriority claim.  Id. at Schedule F.  Wood also listed this lawsuit under "Suits and administrative proceedings, executions, garnishments and attachments."  Id. at Statement of Financial Affairs.  Bailey filed no Motion for Relief from [the] Stay.  This Court confirmed that the bankruptcy was discharged on or about August 10, 2011.  See Exhibit D (Order discharging Debtor).  Pursuant to 11 U.S.C.S. § 727, the case against Wood was discharged and may not be reinstated in the Superior Court.

Therefore, both Gibbons and Wood are no longer defendants in this matter and thus there are no unresolved claims or issues against them.

Unfortunately, the trial court's May 4, 2017 decision did not fully accomplish the objectives of the second remand.  The trial court did not develop a "plan" to resolve the claims against Gibbons and Wood.  Instead, the trial court concluded those claims have already been extinguished.

With respect to defendant Gibbons, we do not understand the legal reasons why Gibbons is no longer a viable defendant in this case. The trial court appears to believe that Gibbons needed to make a motion to reinstate his status as an active defendant in the litigation, once the case was remanded from the federal court. We are aware of no such requirement. Cf. R. 4:24-1(d) (regarding remands from the federal court). In a January 31, 2014 order, the trial court crossed out provisions in a proposed order reinstating Gibbons as a defendant (as well as Watkins and Russo after the remand), but supplied no statement of reasons in compliance with Rule 1:7-4(a) explaining why it struck (or refused to reinstate) Gibbons as a defendant. Although we cannot be certain from the confusing record, apparently Gibbons was mistakenly removed as a defendant in the Law Division through a clerical error at the time when the litigation was removed to the federal court. In any event, the court's dismissal of Gibbons from the case has not been sufficiently justified with reasons, which impedes meaningful appellate review by this court.

With respect to Wood, we note the trial court's explanation that Wood is entitled to dismissal of the claims against her because of a discharge in her Chapter 7 bankruptcy case. Wood's bankruptcy petition identifies the claims

8

against her in this case, and lists plaintiff's co-counsel as a creditor. This explanation potentially is sound, but is subject to future scrutiny.

At oral argument on the appeal, plaintiff argued that the claims against Wood founded upon the intentional tort of alleged conversion of property are not dischargeable in a Chapter 7 bankruptcy. See 11 U.S.C. § 523(a)(6) (exempting from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity.") However, such debts are discharged "unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge." 11 U.S.C. § 523(c)(1). So, if a creditor having a claim against the debtor does not file a timely exception to discharge application, the intentional tort liability is still discharged. This is subject to a further exception, if the debt is not listed or scheduled by the debtor and the creditor lacked notice of the bankruptcy. 11 U.S.C. § 523(a)(3).

The burden of establishing nondischargeability of the debt falls on the creditor who is required to file a timely adversary complaint. See Bankr. R. 4007. The complaint to declare nondischargeability must be "filed no later than 60 days after the first date set for the meeting of creditors under [11 U.S.C. § 341(a)]." Bankr. R. 4007(c).

Here, the present record supplied to us is insufficient to confirm whether plaintiff or plaintiff's counsel received proper service of Wood's petition and, if so, whether plaintiff failed to preserve the conversion claim by seeking a timely exception from the Bankruptcy Court. The record must be developed further in the trial court to address these matters.

In sum, the viability of plaintiff's claims against Gibbons and Wood is, at best, murky. Moreover, the trial court apparently has not entered a comprehensive final judgment. Nor are there specific orders dismissing Gibbons and Wood with prejudice.

All of this convinces us that the appeal remains interlocutory and there has not been a proper final disposition of all issues as to all parties. We are loathe to proceed with the appeal in its present defective state, and decline to grant leave to appeal to address, piecemeal, the issues against the defendants other than Gibbons and Wood. See Brundage v. Estate of Carambio, 195 N.J. 575, 599 (2008) (underscoring the general policies disfavoring piecemeal review). Much of plaintiff's brief on appeal discusses facts and legal claims against Gibbons in particular. If, hypothetically, Gibbons or Wood, or both of them, remains a defendant in the trial court, the disposition of those claims could affect certain issues or factual contentions involving the other defendants.

Moreover, the evidentiary and proof issues are complicated by plaintiff's death, although we anticipate the Estate will seek to rely on plaintiff's deposition testimony pursuant to the hearsay exception in N.J.R.E. 804(b)(1), if any claims are ultimately allowed to proceed to trial.

Given these abundant problems with the existing state of the case, we dismiss the present appeal without prejudice. The matter shall be reactivated in the Law Division, with specific direction to the trial court to conduct a new assessment of the viability of the claims against Gibbons and Wood, respectively. The remand shall be assigned to a different judge, who will have the advantage of a fresh perspective on the issues. To aid in the process, counsel shall provide courtesy copies of the parties' appellate submissions. The trial court shall conduct a case management conference within thirty days of this opinion.

On remand, the trial court shall issue orders and written statements of its reasoning respecting Gibbons and Wood. If the claims against either Gibbons or Wood remain in the case, those claims shall be tried to finality or adjudicated in a dispositive motion. Once the matter is concluded with a final disposition of all issues as to all parties, including Gibbons and Wood, any aggrieved party can file a timely new appeal. In such a new appeal, counsel may re-submit their

11

previous briefs (with any appropriate corrections) to this court, along with supplemental briefs not to exceed fifteen pages each. No other briefs will be permitted without leave of court.

The appeal is dismissed, without prejudice, for lack of jurisdiction, pending further developments in the trial court. The cross-appeal of defendant Rocco seeking frivolous litigation sanctions against plaintiff is denied without prejudice.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4579-14T3