**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1851-15T3

STEVEN GREIBROK,

     Plaintiff-Appellant,

v.

JENNY GREIBROK,

     Defendant-Respondent.

_____

Submitted October 16, 2018 – Decided October 25, 2018

Before Judges Fisher, Hoffman and Suter.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-1038-13.

Steven Greibrok, appellant pro se.

Jenny Greibrok, respondent pro se.

PER CURIAM

The parties married in 2006. Plaintiff Steven Greibrok filed a divorce complaint in late 2011, dismissed it a few months later, and then sued for divorce

again in late 2012. Despite the brevity of the marriage, the litigation proved quite contentious, leading to a trial of more than thirty days, spread out from early February to late August 2015.

The trial court's October 13, 2015 judgment dissolved the marriage but left several issues unresolved. The judge did not determine whether Steven should be awarded visitation with A.C., defendant Jenny Greibrok's daughter from a prior marriage; the judge denied that request without prejudice and appointed a therapist to both meet with A.C. over a three-month period and thereafter submit a report memorializing, among other things, A.C.'s wishes and whether further therapy would be warranted. The judge also chose not to conclusively determine whether real property in Queens, New York should be equitably distributed; instead, he appointed an accountant to determine, among other things, "the gross and net rental income with a tax and depreciation analysis . . . from the date of the marriage to date," likely referring to the judgment date. And the judge left unresolved the parties' competing requests for counsel fees; those requests were "denied without prejudice pending the court's review of the reports ordered in this judgment."

Despite the fact that these issues required further trial court consideration, Steven filed a notice of appeal. After appellate briefs were filed, our clerk's

A-1851-15T3

office inquired about the judgment's finality; the pro se litigants' responses revealed not only that the open issues remained unresolved, but also that the parties have – since this appeal was commenced – appeared in the trial court regarding some of those issues contrary to Rule 2:9-1(a), which declares that "supervision and control" of a matter lies with this court once an appeal is filed.

Our Court Rules were designed to ensure that a lawsuit results in "a single and complete trial with a single and complete review." Trecartin v. Mahony-Troast Constr. Co., 21 N.J. 1, 6 (1956). Except in circumstances not relevant here, Rule 2:2-3 permits a litigant to file an appeal as of right only upon entry of a judgment that resolves all issues as to all parties. See Silviera-Francisco v. Bd. of Educ. of City of Elizabeth, 224 N.J. 126, 136 (2016); Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017). An order – such as the October 13, 2015 judgment here – that fails to completely adjudicate all claims is interlocutory; review of such an order rests solely in our discretion or the discretion of the Supreme Court. Grow Co. v. Chokshi, 403 N.J. Super. 443, 457-58 (App. Div. 2008). To be sure, we have in appropriate circumstances overlooked an appellant's mistaken filing of a notice of appeal of an interlocutory order – and in such a circumstance granted leave to appeal out of time – but we conclude that it wouldn't be beneficial to take such an extraordinary step here. The trial

court has yet to resolve issues that are clearly central to the overall litigation; indeed, Steven largely seeks our review of the issues that the trial judge did not finally adjudicate. The best course is to dismiss this appeal without prejudice to either party's right to file an appeal once the trial court conclusively resolves all outstanding issues.

Appeal dismissed without prejudice and the matter remanded to the trial court for all further necessary proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1851-15T3