**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3375-16T4

JUST PUPS LLC,

     Plaintiff-Appellant,

v.

BOROUGH OF EMERSON and
JANE DIETSCHE, Clerk of the
Borough of Emerson,

     Defendants-Respondents.

_____

Argued November 28, 2018 – Decided January 7, 2019

Before Judges Koblitz, Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5052-16.

Anthony X. Arturi argued the cause for appellant.

John A. Stone argued the cause for respondent (DeCotiis, FitzPatrick, Cole & Giblin, LLP, attorneys; John A. Stone, of counsel and on the brief).

PER CURIAM

Plaintiff pet shop Just Pups LLC appeals from the court's February 1, 2017 order granting defendants Borough of Emerson (Borough) and Jane Dietsche's motion for partial summary judgment. We affirm substantially for the reasons articulated in Judge Lisa Perez Friscia's twenty-six-page written opinion.

Each year from 2009 to 2016, the Borough issued plaintiff a kennel license. Following a hearing on July 12, 2016, the council voted unanimously to deny plaintiff's application for a pet shop license. Plaintiff filed a complaint in lieu of prerogative writs pursuant to Rule 4:69. After the court dismissed the complaint, plaintiff appealed.

Plaintiff argues (1) the court erred in its interpretation of N.J.S.A. 4:19-15.8(a) and (d) by finding the statute allows the municipal clerk discretion to grant or deny an application for a pet shop license and (2) the Borough acted illegally in conducting a hearing on plaintiff's application. A review of the record and analysis of N.J.S.A. 4:19-15.8 demonstrates the statute affords the Borough discretion to conduct a hearing and determine whether an application for a pet shop license should be denied.

In August 2009, plaintiff was issued a certificate of occupancy for retail puppy sales, supplies, toys, and accessories, and has operated a pet shop since then. Each year from 2009 to 2016, the Borough issued plaintiff a license to

operate a kennel pursuant to <u>Emerson, N.J., Code</u> § 140-7 (2016), https://www.ecode360.com/11485938.[1]  In May 2016, the Borough advised plaintiff its kennel license was set to expire, and if plaintiff was "interested in seeking a new license for the period of July 1, 2016 through June 30, 2017, [to] kindly complete the attached application and required information . . . ."

At the end of June 2016, plaintiff filed an application for a pet shop license with the Borough pursuant to N.J.S.A. 4:19-15.8.  The Borough wrote plaintiff that the mayor and council would hold a hearing to determine whether to grant or deny the application.[2]  The letter informed plaintiff that, at the hearing, plaintiff would "be provided the opportunity to give oral or written testimony, offer expert testimony, and . . . be represented by an attorney."  Plaintiff then filed a complaint in lieu of prerogative writs against defendants, alleging the Borough was required to issue a pet shop license upon plaintiff's application but failed to do so.

---

[1]  A kennel is defined as "[t]he conducting of the business of harboring, raising or otherwise dealing in and with dogs, and any person harboring more than five dogs shall be presumed to conduct a kennel."  § 140-1.  Plaintiff maintains that it does not qualify as a kennel, although it was licensed as such for several years.

[2]  Plaintiff's statement of material facts emphasizes the fact that the Borough has no ordinance regulating pet shops, only an ordinance regulating kennels, which should not apply to plaintiff.  The Borough, however, is authorized to regulate pet shop licensing, and did so here, pursuant to N.J.S.A. 4:19-15.8.

The Borough held a hearing on plaintiff's application on July 12, 2016. Plaintiff objected to the hearing, arguing no ordinance authorized the Borough to conduct a hearing on plaintiff's license application. The Borough responded it was conducting the hearing pursuant to N.J.S.A. 4:19-15.8(d). At the hearing, plaintiff's counsel introduced evidence and cross-examined witnesses.

The Borough's animal control officer, Carol A. Taylor, testified that plaintiff "regularly puts [the puppies] in an unsafe and cruel situation[]"; and a registered environmental health specialist, Darlene Mandeville, testified about various defects in the condition of plaintiff's pet shop. Members of the public testified at the hearing about the poor condition and health of the puppies sold by plaintiff, both in Emerson and in its Paramus location. At the conclusion of the hearing, the council voted unanimously to deny plaintiff's application for a pet shop license.

Following the hearing, plaintiff amended its complaint in lieu of prerogative writs. In a well-reasoned written decision, Judge Friscia granted defendants' motion for partial summary judgment. In granting defendants' motion, Judge Friscia first found "[a]ccording to the plain language of the statutory scheme under review, . . . the Borough is vested with the decision

4

whether or not to issue a license under N.J.S.A. 4:19-15.8." Judge Friscia reasoned:

> Reading the statute as a whole, the municipal discretion to decline a license and the issues of review in contemplation of license issuance are clearly established. The Borough has authority to deny or revoke a license, pursuant to N.J.S.A. 4:19-15.8(c), for a pet shop's "failure . . . to comply with the rules and regulations of the state department or local health authority." New Jersey courts have found that "the power to grant licenses connotes the power of denial for good cause, in keeping with and to subserve the declared legislative ends." Librizzi v. Plunkett, 126 N.J.L. 17, 23 (1940). The municipality is the governing body authorized to license pet shops within its borders, not the clerk. Therefore, reading subsection (a) and (d) in harmony in consideration of the statutory purposes and liberal construction in the favor of the municipality, the Borough was within its statutory rights to hold a hearing to consider and deny Just Pups' license. The legislative purpose in requiring licenses for pet shops is the health, welfare and safety of animals and people. Additionally, the court finds the hearing appropriately provided plaintiff with the right to call witnesses, introduce evidence and cross-examine witnesses. Plaintiff also had been provided the opportunity to have an independent health officer review the store and its history, who could have been provided to testify, but chose not to.

Judge Friscia also found "the governing body relied on standards as set forth in the statute and that the evidence relied on was permissive." She reasoned:

> [T]he Borough appropriately considered evidence from a qualified animal control officer and an environmental health specialist, who each had direct interaction and oversight of the Just Pups' business operations and handling of dogs. Each testified to multiple issues regarding health code deficiencies and extensive oversight issues. The court finds that the testimony of witnesses presented at the Borough hearing, which Just Pups' counsel had an opportunity to cross-examine, presented valid reasons to conclude that issuing a license to Just Pups violated . . . the purpose of N.J.S.A. 4:19-15.8. The governing body's decision to decline to issue the license, to safeguard the health of animals and the people who interact with those animals, was substantiated by the record. Therefore the court finds that plaintiff has failed to overcome the presumption of validity afforded to the Borough's action and plaintiff has failed to demonstrate that the denial of Just Pups' license was arbitrary, capricious or unreasonable.

The parties entered a stipulation of dismissal of the remaining counts of the amended complaint and counterclaim without prejudice, thus rendering Judge Friscia's order final. "[A] dismissal without prejudice of either an issue or a party . . . with the contemplation of commencement of a subsequent action and entered for the purpose of rendering an otherwise interlocutory order appealable will preclude the finality and hence the appealability of that order." Pressler & Verniero, Current N.J. Court Rules, cmt. 2.2.4 on R. 2:2-3 (2019); see also Grow Co. v. Chokshi, 403 N.J. Super. 443, 460-61 (App. Div. 2008) (quoting CPC Intern., Inc. v. Hartford Acc. & Indem. Co., 316 N.J. Super. 351,

6

366 (App. Div. 1998)) (noting that "the dismissal of claims without prejudice must not become a device 'to foist jurisdiction upon this court' over what is, in reality, an interlocutory order"); Silviera-Francisco v. Bd. of Educ. of City of Elizabeth, 224 N.J. 126, 143 (2016) (noting that "the Appellate Division has repeatedly admonished parties for attempting to disguise an interlocutory order . . . as final for purposes of pursuing an appeal as of right").

The stipulation agreement provides for reinstatement of plaintiff's remaining claims "if [Judge Friscia's] February 1, 2017 [o]rder . . . is vacated or reversed on appeal . . . ." Because we affirm Judge's Friscia's order, the stipulation agreement will not have the effect of reinstating plaintiff's claims. Nonetheless, because only partial summary judgment was granted, the subsequent stipulation agreement could be viewed as an attempt "to disguise an interlocutory order" as a final order. The issues have been fully briefed and we choose to resolve the matter while reiterating disapproval for such stipulation agreements.

When evaluating whether summary judgment was proper, we conduct a de novo review, applying the same standard as the trial court. Templo Fuente de Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 224 N.J. 189, 199 (2016). Summary judgment must be granted "if the pleadings, depositions,

answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).[3]

Judge Friscia correctly found N.J.S.A. 4:19-15.8 affords the Borough discretion to conduct a hearing and determine whether an application for a pet shop license should be granted. Moreover, the Borough's hearing process properly afforded plaintiff due process.

Our primary purpose in construing a statute is to "identify and implement the legislative intent." Smith v. Millville Rescue Squad, 225 N.J. 373, 389 (2016). Thus, when interpreting a statute, we must first consider the plain language of the statute, which is "the best indicator of that intent." Ibid. (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)).

In doing so, we should "ascribe to the statutory words their ordinary meaning and significance, and read them in context with related provisions so

---

[3] Rule 4:69-2 addresses motions for summary judgment where a complaint in lieu of prerogative writs has been filed. The Rule provides that a motion for summary judgment may be filed "at any time after the filing of the complaint, by motion supported by affidavit and with briefs . . . ." R. 4:69-2. See also 388 Rt. 22 Readington Realty Holdings, LLC v. Twp. of Readington, 221 N.J. 318, 338-39 (2015).

as to give sense to the legislation as a whole." DiProspero, 183 N.J. at 492 (citation omitted); see also Tumpson v. Farina, 218 N.J. 450, 467 (2014) (quoting Wilson v. City of Jersey City, 209 N.J. 558, 572 (2012)) (reasoning "[e]ach statutory provision must be viewed not in isolation but 'in relation to other constituent parts so that a sensible meaning may be given to the whole of the legislative scheme'"); N.J.S.A. 1:1-1 (in interpreting statutes, "words and phrases shall be read and construed with their context, and shall, unless inconsistent with the manifest intent of the [L]egislature[,] . . . be given their generally accepted meaning, according to the approved usage of the language").

N.J.S.A. 4:19-15.8 provides, in pertinent part,

> a. Any person who keeps or operates or proposes to establish a kennel, a pet shop, a shelter, or a pound shall apply to the clerk . . . in the municipality where such establishment is located, for a license entitling him to keep or operate such establishment.
>
>      . . . .
>
> c. The license for a pet shop shall be subject to review by the municipality, upon recommendation by the Department of Health or the local health authority for failure by the pet shop to comply with the rules and regulations of the State department or local health authority governing pet shops or if the pet shop meets the criteria for recommended suspension or revocation . . . after the owner of the pet shop has been afforded a hearing . . . .

> d. The municipality <u>may issue</u> a license for a pet shop that permits the pet shop to sell pet supplies for all types of animals, including cats and dogs, and sell animals other than cats and dogs but restricts the pet shop from selling cats or dogs, or both.
>
> [(emphasis added).]

As Judge Friscia correctly found, pursuant to N.J.S.A. 4:19-15.8, the Borough was vested with the discretion to grant or deny plaintiff's application for a pet shop license. Plaintiff relies on N.J.S.A. 4:19-15.2, 15.3(a), 15.4, and 15.5, which apply only to licensing of the actual animal, not the licensing of a pet shop. As such, plaintiff's argument regarding the "overall pet licensing scheme of N.J.S.A. 4:19-15" is unpersuasive.

The plain language of N.J.S.A. 4:19-15.8 read in the context of the statute's manifest purpose establishes that the licensing of a pet shop is permissive, not mandatory. Subsection (a) sets forth the requirements that an applicant <u>shall</u> fulfill in order to submit a complete application for a pet shop license. While subsection (a) does not delineate how the application will be reviewed, subsection (d) establishes the permissive nature of a pet shop license. Subsection (d) provides, "[t]he municipality may issue a license for a pet shop that . . . restricts the pet shop from selling cats or dogs, or both." N.J.S.A. 4:19-15.8(d). Plaintiff argues that this subsection should be narrowly construed to

10

mean only that the Borough may "limit what pets can be sold" after granting a pet shop license. Under the plain wording of N.J.S.A. 4:19-15.8 (d), the Borough could have restricted a pet shop license to prevent the sale of dogs, thus eliminating the business of Just Pups. To read the statute to require that the Borough restrict the license rather than deny the license is nonsensical. N.J.S.A. 4:19-15.8 affords the Borough the discretion whether to grant or deny plaintiff's application for a pet shop license.

Plaintiff also argues the hearing process set forth in the statute pertains only to license revocation, not license application, and, therefore, was improperly applied to plaintiff's application for a pet shop license. Pursuant to N.J.S.A. 4:19-15.8(c), a pet shop license is "subject to review by the municipality, upon recommendation by the Department of Health or the local health authority" for violations of State or local regulations "after the owner of the pet shop has been afforded a hearing . . . ."

Using plaintiff's logic, the Borough would have to grant and then begin revocation proceedings pursuant to subsection (c) for every unwarranted pet shop license. This would also allow an establishment whose pet shop license had previously been revoked to reapply and obtain a license without review by the municipality.

11

Such a process is unreasonable and inefficient and would undercut the legislative purpose to protect the health, welfare, and safety of animals and people. The Borough acted well within its discretion in holding a hearing to review plaintiff's application for a pet shop license, and subsequently deny the license.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION