**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3577-19

LVNV FUNDING, LLC,

 Plaintiff-Respondent,

v.

OLGA VALDES,

 Defendant-Appellant.

_____

Submitted May 12, 2021 – Decided June 9, 2021

Before Judges Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. DC-000905-04.

Olga Valdes, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

 Defendant Olga Valdes appeals from a March 27, 2020, Law Division order entered by the Supervising Judge of the Special Civil Part denying what the judge construed as defendant's motion to vacate default judgment under <u>Rule</u>

4:50-1(f) following a settlement and a May 20, 2020, order denying reconsideration. We affirm.

I.

We derive the following facts from the record provided. On December 3, 2003, plaintiff's predecessor in interest sold and assigned defendant's Sears account to Sherman Acquisition, L.P., the filing plaintiff. Defendant owed the sum of $4,617.85, inclusive of interest, service charges, costs, and attorney's fees, in accordance with her Sears agreement.

According to defendant, Sherman Acquisition, L.P., ceased doing business in this State on January 30, 2009, as evidenced by its Certificate of Cancellation of Authority – Foreign Limited Partnership filed with the New Jersey Division of Revenue. On June 7, 2010, an order was entered by a prior judge amending the caption of the case to read, "LVNV Funding LLC A/P/O Citibank," (LVNV) as superseding plaintiff. The record shows that LVNV submitted a Public Records Filing for New Business Entity on July 14, 2016, with the State of New Jersey Division of Revenue. Defendant did not oppose plaintiff's motion to amend the caption.

On May 15, 2019, David J. Levine, Esq., of the law firm of Fein, Such, Kahn & Shepard, P.C., sent defendant a letter advising her the firm was retained

to represent LVNV to collect the judgment amount of $4,875.22.[1]  The letter provided that post-judgment interest through May 15, 2019, was $1,057.82, and credits were applied in the amount of $1,469.04, leaving a current balance due of $4,464.  The account belonging to defendant was identified by: defendant's name; the current owner of the debt—LVNV; the original creditor, Sears National Bank; the original account number; and the docket number assigned to the case.

On that same date, Philip A. Kahn, Esq., an attorney employed by Fein, Such, Kahn & Shepard, P.C., filed a notice of appearance in lieu of a substitution of attorney with the clerk of the Special Civil Part because prior counsel did not return a signed substitution of attorney "despite multiple requests."

On October 29, 2019, counsel for plaintiff applied for a notice of application for wage execution on defendant's employer.  The notice included a certification of service indicating the application for wage execution was served upon defendant by first class mail and certified mail, return receipt requested, at

---

[1]  The order and execution against earnings indicate that judgment was entered by the court on December 8, 2004.  The $4,875.22 judgment amount was comprised of the judgment award of $4,711.98, plus court costs and statutory attorney's fees of $163.24.  The total due as stated in the order was $4,817.81, which included interest from prior writs ($804.64), costs from prior writs ($26.98), new interest on this writ ($103.03), new credits on this writ ($60), execution fees and mileage ($39), and court officer fee ($437.98).

her last known address. On November 19, 2019, the Supervising Judge granted the application for wage execution and entered an order for execution against earnings pursuant to 15 U.S.C. § 1673 and N.J.S.A. 2A:17-56. Defendant's employer was ordered to make appropriate deductions from her salary.

After the issuance of the writ of execution, defendant offered to settle the debt. The parties reached an agreement providing that, "[d]efendant agrees to pay [p]laintiff the sum of . . . [$1500] on or before December 24, 2019." A post-judgment settlement agreement and release agreement (the agreement) was prepared by counsel for plaintiff and filed with the court. Plaintiff is identified as Sherman Acquisition L.P. on the agreement. Counsel for plaintiff and defendant signed the agreement.

Subsequent to executing the agreement, defendant received a legal notice by mail from the LVNV Funding settlement administrator advising her about a class action settlement involving LVNV. The notice stated: "You are entitled to receive a settlement credit or payment in connection with a class action settlement." Defendant reneged on the terms of the agreement and did not pay the $1500 settlement amount. Instead, on February 13, 2020, defendant wrote a letter to plaintiff's then counsel, Brian P.S. McCabe, Esq., requesting proof that LVNV "was not in violation of the New Jersey Consumer Financing Licensing

Act (NJCFLA)"[2] and a copy of "[LVNV's] professional license which allows Fein, Such, Kahn & Shepard, P.C. . . . to collect the pertinent debt." Defendant claimed in her letter that LVNV "was in violation of section e (10) of the Federal Fair Debt Collections Practice Act" (FDCPA)[3] and that "[her] purpose is not to thwart [the] agreement."

Defendant claimed that LVNV's license was not provided to her. Therefore, on February 24, 2020, defendant filed a notice of motion seeking relief from judgment under Rule 4:50(f). In her certification in support of the motion, defendant stated, "[o]n [December 18, 2020], I entered into an [a]greement to settle the pertinent debt. However, shortly thereafter, I received a notice of a class action in the United States District Court where I'm a party." Defendant represented in her certification that LVNV violated the FDCPA by not obtaining a license under the NJCFLA. She also stated that on February 6, 2020, plaintiff's counsel represented his client "has been in compliance with the law since the time of inception." Defendant sought relief from the judgment based on her theory that plaintiff and its counsel violated the FDCPA and NJCFLA.

---

[2] N.J.S.A. 17:11C-1 to -49.

[3] 15 U.S.C. § 1692 (a) to (p).

Counsel for plaintiff filed a certification in opposition to defendant's motion to vacate the judgment. In her certification, counsel stated, "[p]laintiff's predecessor in interest sold and assigned all right, title and interest in the [d]efendant's Sears account to the [p]laintiff." The account "is associated with [d]efendant's social security number . . . ." Counsel also averred that defendant "decided to ignore the matter until she became aware of the financial consequences against her."

Attached to counsel's certification as "Exhibit E"[4] was the "State of New Jersey's certification that [p]laintiff is licensed as a [c]onsumer [l]ender." Citing Marder v. Realty Constr. Co., 84 N.J. Super. 313, 318 (App. Div. 1964), plaintiff's counsel asserted that defendant's motion to vacate should be denied because defendant failed to show "excusable neglect" and did not set forth any factual basis to "conclude a 'meritorious defense' exists in this matter." Having failed to meet her burden, counsel for plaintiff contended that defendant's motion to vacate should be denied as "untimely," and due to the "sixteen years" that have passed since the entry of judgment, granting the motion "would greatly prejudice" plaintiff.

---

[4] Defendant did not include Exhibit E in her appendix.

A-3577-19

In plaintiff's opposition to defendant's reply,[5] counsel pointed out defendant "has not denied that the debt belongs to her and has not questioned the outstanding amount." Consequently, counsel maintained the FDCPA was inapplicable because there was no violation, and the allegation was untimely because § 1692 k(d) "clearly states that an FDCPA action 'may be brought . . . within one year from the date on which the violation occurs.'" According to plaintiff's counsel, defendant had until "December 8, 2005 to bring such a claim."

On March 27, 2020, the Supervising Judge denied defendant's motion for relief from judgment. In his decision, the judge determined:

> This [m]otion shall be treated as a [m]otion to [v]acate [d]efault [j]udgment under R[ule] 4:50-1(f). Motion to [v]acate [d]efault [j]udgment is [denied]. Defendant avers she previously agreed to settle the debt however she now raises new issues. A [s]ettlement [a]greement was signed and is enforceable as written.

A memorializing order was entered that day. This appeal followed.

On appeal, defendant presents one issue in her "opening statement" for our consideration on appeal: whether Khan committed a fraud upon the Superior

---

[5] Defendant's reply was not included in her appendix.

Court of New Jersey, Law Division, Bergen County, Special Civil Part.[6] We are

not persuaded by defendant's argument.

## II.

Rule 4:50-1 which is incorporated into the Special Civil Part by Rule 6:6-

1, provides:

> the court may relieve a party . . . from a final judgment
> or order for the following reasons: (a) mistake,
> inadvertence, surprise, or excusable neglect; (b) newly
> discovered evidence which would probably alter the
> judgment or order and which by due diligence could not
> have been discovered in time to move for a new trial
> under [Rule] 4:49; (c) fraud . . . , misrepresentation, or
> other misconduct of an adverse party; (d) the judgment
> or order is void; (3) the judgment or order has been
> satisfied, released or discharged, or a prior judgment or
> order upon which it is based has been reversed or
> otherwise vacated, or it is no longer equitable that the
> judgment or order should have prospective application;
> or (f) any other reason justifying relief from the
> operation of the judgment of order.

Rule 4:50-1 applies to final orders and judgments and "does not

distinguish between consent judgments and those issued after trial. So long as

the judgment is final, the rule is applicable." DEG, LLC v. Twp. of Fairfield,

198 N.J. 242, 251 (2009). "[A]n order is considered final if it disposes of all

---

[6] Defendant's brief did not contain point headings. See R. 2:6-2(b) (requiring a table of contents, including point headings). We have also not considered any information defendant supplied in her brief that is not part of the record.

issues as to all parties."  Silviera-Francisco v. Bd. of Educ. of City of Elizabeth, 224 N.J. 126, 136 (2016).  "Significantly, Rule 4:50-1 is not an opportunity for parties to a consent judgment to change their minds; nor it is a pathway to reopen litigation because a party either views his [or her] settlement as less advantageous than it had previously appeared, or rethinks the effectives of his [or her] original legal strategy."  DEG, 198 N.J. at 261.  "Rather, the rule is a carefully crafted vehicle intended to underscore the need for repose while achieving a just result."  Ibid.  Thus, the rule "denominates with specificity the narrow band of triggering events that will warrant relief from judgment if justice is to be served," and "[o]nly the existence of one of those triggers will allow a party to challenge the substance of the judgment."  Id. at 261-62.

Although courts are empowered under Rule 4:50-1 "to confer absolution" from judgments and orders, Id. at 261, relief "is granted sparingly."  F.B. v. A.L.G., 176 N.J. 201, 207 (2003) (citation omitted); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 4:50-1 (2021).  "On appellate review, the trial judge's determination 'will be left undisturbed unless it represents a clear abuse of discretion.'"  DEG, 198 N.J. at 261 (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)).  "'[A]buse of discretion' . . . arises when a decision is 'made without a rational explanation,

inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. and Naturalization Serv., 779 F.2d 1260 (7th Cir. 1985)). "The discretion afforded to a trial court under the Rule also includes the duty to consider evidence in the record that militates against the grant of relief." Little, 135 N.J. at 290. See also, Carrington Mortg. Servs., LLC v. Moore, 464 N.J. Super. 59, 67 (App. Div. 2020).

In denying defendant relief under Rule 4:50-1(f), the judge emphasized that defendant "agreed to settle the debt" and now "raises new issues." He also noted the "settlement agreement was signed and is enforceable as written." Having carefully reviewed the record, we affirm primarily for the reasons expressed by the Supervising Judge, which are well supported by the evidence and legal precedent. We add the following brief remarks.

An agreement to settle a lawsuit is a contract which, like all contracts, may be freely entered into and which a court, absent a demonstration of "fraud or other compelling circumstances," should honor and enforce as it does other contracts. Indeed, "settlement of litigation ranks high in our public policy." Moreover, courts will not ordinarily inquire into the adequacy or inadequacy of the consideration underlying a compromise settlement fairly and deliberately

10

made. . . . [W]here there is no showing of "artifice or deception, lack of independent advice, abuse of confidential relation, or similar indicia generally found in the reported instances where equity has declined to enforce, as unfair or unconscionable, an agreement voluntarily executed by the parties," the agreement should be enforced. Pascarella v. Bruck, 190 N.J. Super. 118, 124-25 (App. Div. 1983) (citations omitted). Here, defendant essentially urges us to vacate the settlement agreement as unenforceable because LVNV is the current owner of the debt, not Sherman Acquisition L.P., who was a signatory to the agreement, and LVNV did not oppose her motion to vacate judgment.

A plaintiff suing on an assigned, charged-off credit card debt must prove both ownership of the defendant's debt and the amount due to the card issuer when it closed defendant's account. Thus, plaintiff must prove it owned defendant's credit card debt, whether one characterizes this as standing to sue or an essential element of proof on an assigned claim. See Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 599-600 (App. Div. 2011); Triffin v. Somerset Valley Bank, 343 N.J. Super. 73, 79-82 (App. Div. 2001).

"[A]ny beneficial contract may be assigned, and courts of law will protect the rights of the assignee suing in the name of the assignee." Somerset Orthopedic Assocs. v. Horizon Blue Cross & Blue Shield of N.J., 345 N.J.

Super. 410, 415 (App. Div. 2001). Indeed, the assigned credit card debt on which plaintiff sued constitutes a chose in action arising on a contract, which is specifically assignable pursuant to N.J.S.A. 2A:25-1. In order for such assignment to be valid, it "must contain clear evidence of the intent to transfer the person's rights and 'the subject matter of the assignment must be described sufficiently to make it capable of being readily identified.'" Berkowitz v. Haigood, 256 N.J. Super. 342, 346 (Law Div. 1992) (citations omitted). Moreover, "[o]nce properly notified of the assignment, the obligor is charged with the duty to pay the assignee and not the assignor." Ibid.

We are satisfied that the documents show that LVNV has a valid assignment of debt from Sherman Acquisition L.P., which sold and assigned "all right, title and interest" in defendant's Sears account to LVNV. Moreover, the account is identified with defendant's social security number. And, LVNV provided the State of New Jersey's certification that LVNV is licensed as a consumer lender. Defendant failed to come forward with any evidence disputing either the assignment or the authenticity of the State's certification attesting to the validity of LVNV's license as a consumer lender. Specifically, defendant does not deny owing the debt. Moreover, the class action litigation has no bearing on the matter under review. Accordingly, we affirm the judge's denial

12

of defendant's motion to vacate judgment under <u>Rule</u> 4:50-1(f) and denial of her motion for reconsideration.

The record lacks any evidence, other than defendant's claim the settlement agreement was fraudulently procured, which we have rejected, to support her argument on the grounds of fraud or exceptional circumstances.  Because the order enforcing the settlement agreement was not an abuse of discretion, there are no exceptional circumstances warranting relief under <u>Rule</u> 4:50-1(f).

Defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION